

Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue Suite 3100  |  Miami, FL 33131  |  tel 786.913.4900  |  fax 786.913.4901

Geoffrey Sant
tel: +1.212.858.1162
geoffrey.sant@pillsburylaw.com

April 9, 2024

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007



Re:   *Huzhou Chuangtai Rongyuan Inv. Mgmt. Partnership, et al. v. Hui Qin et al.*,
Index No. 1:24-cv-02219-KPF (S.D.N.Y.)

Dear Judge Failla:

We write on behalf of Plaintiffs in the above-referenced matter in response to the request of Defendants Xuemin Liu, Ruolei Liu, King Fame Trading (BVI), and Golden Little Dragon (collectively, "Moving Defendants") (EFC No. 23) for an extension of time to oppose Plaintiffs' Preliminary Injunction Motion (ECF No. 14) and for an adjournment of the April 23, 2024 hearing filed over the weekend.[1]

Moving Defendants were served on March 29, 2024 at 39 Applegreen Drive, Old Westbury New York, where Defendants Xuemin Liu and Ruolei Liu live with their daughter, Defendant Emma Duo Liu ("Emma Liu"). *See* ECF Nos. 27, 28, 30, 33 (affirmations of service); Related Case (1:21-cv-09221-KPF) ECF No. 196-5 at 5 (noting "Emma [Liu] has her parents living with her" as of July 2023). Defendant Xuemin Liu (Emma Liu's mother) is the shareholder of Defendants King Fame Trading (BVI) and Golden Little Dragon. ECF No. 24 ¶2.

Defendant Emma Liu was also served on March 29, 2024 at 39 Applegreen Drive (ECF No. 26), and her counsel requested an adjournment of the hearing date on April 1, 2024, the next business day. *See* ECF No. 20.1 at 5. Yet Moving Defendants, who share the same residence, claim they never received service of the complaint and motion papers that were served at the same time by the same process server. Further, Moving Defendants incredibly claim their daughter waited nearly

---

[1] Moving Defendants' counsel contacted the undersigned individually on Thursday, April 4, 2024 as I was travelling from Asia to the United States. Moving Defendants' counsel did not copy or contact any other members of the Plaintiffs' legal team. On Sunday, April 7, Plaintiffs' counsel sent Mr. Li copies of the affirmations of service as well as electronic courtesy copies of the documents that had been served on his clients on March 29, 2024. Plaintiffs formally request that, going forward, Defendants copy all members of the Plaintiffs' legal team who have made appearances so that Plaintiffs can receive communications promptly and respond promptly.

The Honorable Katherine Polk Failla
April 9, 2024
Page 2

a week after she was served to tell them about the action, and still did not provide them with their service papers.

All of this is reminiscent of Defendant Emma Liu's prior efforts to shield Qin from service in the Related Case (1:21-cv-09221-KPF). *See, e.g.,* Complaint (EFC No. 1) ¶¶187-189 (detailing Emma Liu's refusal of service and lies on behalf of Qin; regarding the Plaza Hotel penthouses: "do not send me any more documents about Hui Qin" because the two of them are "not living together"; regarding 39 Applegreen Drive: "[D]o not send me any more mail about Hui Qin. I have no . . . relationship with Hui Qin now, and he no longer lives here.") Accordingly, this past history of falsehoods and the current evidence of service demonstrate that this delay was caused by the Moving Defendants.[2]

Even if the delay in retaining counsel had not been caused by themselves, there is no reason to extend the Moving Defendants' response date to April 18. Plaintiffs nevertheless are willing to consent to a week's extension of the Moving Defendants' time to oppose the Preliminary Injunction Motion, from April 8 to April 15. That is the equivalent of 10 days from when Mr. Li was engaged on April 5.

Plaintiffs do not consent to a further adjournment of the expedited hearing date, which has already been adjourned by Defendant Liu to April 23, 2024. Adjourning the hearing yet another week would defeat the purpose of the Court's order expediting the hearing, reward the Moving Defendants' dilatory practices, and further prejudice Plaintiffs.

The Moving Defendants' argument that Plaintiffs will not be prejudiced by this further delay because "Plaintiffs mostly seek attachments against numerous real estate properties" (EFC. No. 23 at 2) is false. Plaintiffs seek to enjoin the Defendants from transferring *any* assets pending the resolution of their claims in the Complaint to satisfy their $500 million Judgment. Moreover, Plaintiffs are concerned that these entities—all closely tied to Qin—are delaying a ruling on the injunction until Qin's scheduled May 14 release from detainment (and deportation), at which time he would likely be able to move funds overseas and permanently beyond the reach of creditors. Notably, Qin has admitted to immigration fraud and is pleading guilty to creating and using fake IDs; he has also repeatedly dodged service in this and other actions, and he has violated every discovery order of this Court. Once Qin is deported, it is unlikely that creditors or this Court will have any ability to force him to comply with this Court's orders or with the injunction. This Court should not allow the injunction to be delayed further.

As explained in the Preliminary Injunction Motion, "Qin has acted to frustrate collection of the Judgment through, among other things, placing his assets in the names of other individuals and

---

[2] Qin's counsel then misled this Court while seeking a three-month extension by falsely claiming to have just been engaged on January 4, 2022. In fact, billing records later produced in this action show that Qin's counsel was engaged on December 9, 2021, nearly one month earlier, but chose to mislead this Court in order to delay resolution of the arbitration enforcement action. *Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Hui Qin*, No. 23-0747-cv (2d Cir.), ECF No. 47 at 28-29.

The Honorable Katherine Polk Failla
April 9, 2024
Page 3

sham entities and causing transfers, all of which he failed to disclose to Plaintiffs, and for which he has employed the other Defendants." ECF No. 9 at 7. As detailed in the Complaint, this includes the Moving Defendants. *See, e.g.,* Complaint (EFC No. 1) ¶¶134, 144, 159-160, 218-226, 380. In particular, this includes transfers of assets and financial transactions involving Defendants Xuemin Liu (¶¶227, 292, 380) and Ruolei Liu (¶¶207, 224, 226, 274, 373, 497, 499).

Plaintiffs should not be penalized for the Moving Defendants' delay in engaging counsel and purported willful blindness to Plaintiffs' service efforts. The request for a further adjournment of the expedited hearing on the Preliminary Injunction Motion should be denied.

                                   Respectfully submitted,

                                   /s/ Geoffrey Sant
                                   Geoffrey Sant

cc: All counsel of record (via ECF)

```
The Court is in receipt of the request of Defendants XUEMIN LIU,
RUOLEI LIU, KING FAME TRADING (BVI), and GOLDEN LITTLE DRAGON for
an extension of time to oppose Plaintiffs' motion for a
preliminary injunction to April 18, 2024, and for an adjournment
of the upcoming motion hearing from April 23, 2024 to a date after
April 25, 2024 (Dkt. #23); the two declarations filed by such
Defendants in support thereof (Dkt. #24, 25); and Plaintiffs'
opposition (Dkt. #41).

The Court hereby ADJOURNS the deadline by which such Defendants
must oppose Plaintiffs' motion for a preliminary injunction to
April 18, 2024.  Further, the Court hereby ADJOURNS the April 23,
2024 hearing to April 26, 2024, at 11:00 a.m.  There will be no
further adjournments of this hearing date absent truly extenuating
circumstances.

The Clerk of Court is directed to terminate the pending motion at
docket entry 23.

Dated:    April 9, 2024               SO ORDERED.
          New York, New York
```

www.pillsburylaw.com

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE