Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120

**Stephen P. Younger**
Senior Counsel

T / 212.940.3036
F / 833.709.7111
spyounger@nixonpeabody.com

April 8, 2024

*VIA ECF*

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



RE:  Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin;
No. 1:24-cv-02219-KPF
Request of Third-Party Duo "Emma" Liu to Seal Documents

Dear Judge Failla:

Pursuant to Section 9(c)(ii) of Your Honor's Individual Rules of Practice in Civil Cases, we write to respectfully request that the Court permit the sealing of redacted copies of Ms. Liu's Opposition to Petitioners' Motion for Preliminary Injunction, Declaration of Stephen P. Younger, Esq. with exhibits attached thereto, Declaration of Emma Liu with exhibits attached thereto; and the Memorandum of Law in Opposition to Petitioners' Motion for a Preliminary Injunction (filed contemporaneously herewith).

A party seeking to file a document under seal needs to address the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). And any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *Id.*

The Court must balance this common law presumption of access against competing interests, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the [moving party] outweigh the presumption of public access." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. Mar. 7, 2011).

Given the nature of this matter (a private matter ultimately related to Plaintiffs' attempts to collect a judgment from Mr. Qin) and the fact that Ms. Liu is not the judgment-debtor, but merely a party whose private affairs are being dragged into this dispute, and given the ongoing criminal investigation about which the Court has been informed, we submit that there is a more than sufficient basis to seal the documents referenced herein. These documents contain

Hon. Katherine Polk Failla
April 8, 2024
Page 2



confidential information that is deserving of protection and restricting public access, and therefore third-party Ms. Liu respectfully requests that the Court grant this request.

      We note that for presumably similar reasons, various other docket entries in this case have been sealed.

Sincerely,

Stephen P. Younger
Senior Counsel

cc: All parties of record via ECF

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entries 38, 39, and 40 under seal, viewable to the Court
and the parties only.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 34.

Dated:    April 9, 2024              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE