UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP, HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP, and HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP<br><br>Plaintiffs/Judgment - Creditors,<br><br>v.<br><br>Judgment-Debtor HUI QIN (a/k/a MUK LAM LI, LI MUK LAM, HUI HUI QIN, KARL QIN, HUI QUIN), DUO LIU (a/k/a EMMA LIU), XUEMIN LIU, RUOLEI LIU, XUEYUAN HAN (a/k/a HANK HAN), HANGYUAN ZHANG, BRYN MAWR TRUST COMPANY OF DELAWARE, TRIDENT TRUST COMPANY, ST. TOME LLC, ST. FORTUNE GROUP LLC, LUXURY TEAM, INC., ST. GRAND CEREMONY LLC, KING FAME TRADING (BVI), PH2003 UNIT LLC, APPLEGREEN LLC, LUBAN CONSTRUCTION INC., ST HUDSON GROUP LLC, GOLDEN PEGASUS LLC, GOLDEN LITTLE ELEPHANT INC., GOLDEN KIRIN LLC, HARUSHIO LLC, GOLDEN LITTLE DRAGON, GOLDEN MERMAID LLC, HATAKAZE LLC, QYNM FAMILY HOLDING LLC, HS-QYNM FAMILY, INC. QIN FAMILY TRUST, I LOVE GLE TRUST, APPLEGREEN FAMILY TRUST, MASTERPIECE HOLDING GROUP LTD., NEW LAND CAPITAL LLC, YOUYORK MANAGEMENT LLC, GOLDEN LAND FUNDS LLC, MAXIM CREDIT GROUP LLC, HFRE, LLC, JOHN and JANE DOES 1-20,<br><br>Defendants. | 1:24-cv-02219-KPF |

## DECLARATION OF XUEYUAN "HANK" HAN

Xueyuan "Hank" Han hereby declares pursuant to 28 U.S.C. § 1746:

1. I am a named defendant in the above-captioned action (the "Action"). I submit this declaration in opposition to Plaintiffs' motion for a preliminary injunction (the "PI Motion").

11291143.5

2. I am a citizen of the People's Republic of China and New York resident. I moved to the United Sates in September 2018 to pursue various business opportunities.

## THE HAN COMPANY DEFENDANTS

3. QYNM Family Holding LLC ("QYNM"), HS-QYNM Family Inc. ("HS-QYNM"), and HFRE LLC ("HFRE" and, together with QYNM and HS-QYNM, the "Han Company Defendants") are named defendants in this Action.

4. None of the Han Company Defendants are the alter ego of Hui Qin ("Mr. Qin"). Mr. Qin does not have any position, ownership, or other beneficial interest in any of the Han Company Defendants.

5. I am the sole member of QYNM. HS-QYNM is 100% owned by the QYNM Family Trust, a trust established by me, as grantor, for the benefit of my children. HFRE, in turn, is 100% owned by HS-QYNM.

6. Plaintiffs' allegation that "QYNM" is a deliberate misspelling of "Qin" is incorrect. QYNM and HS-QYNM are acronyms referring to myself and my children. QYNM is an acronym consisting of the third letter of each of my four children's first names. With respect to HS-QYNM, the letter "H" refers to my name, Han, and the letter "S" refers to my children's first names, each of which starts with the letter "S."

## 377 RECTOR PLACE

7. 377 Rector Place, Unit PH-B, New York, New York 10280 ("377 Rector Place") is 100% owned by HFRE. HFRE purchased 377 Rector Place on or about September 26, 2019 from an individual named Robert Chavez, a person unknown to me prior to HFRE's purchase of the property.

2

11291143.5

8.  Mr. Qin has no ownership interest in 377 Rector Place and, to the best of my knowledge, has never lived at 377 Rector Place.

9.  My family and I resided at 377 Rector Place from approximately October 2019 until March 2021.

10. From approximately September 2021 until October 2023, HFRE leased 377 Rector Place to a tenant who is not a party to this action. I did not know the tenant and the lease was arranged by a real estate broker.

11. 377 Rector Place has been unoccupied since October 2023. Although the property has been listed for sale in the past, it was recently removed from the market and HFRE is not actively seeking to sell 377 Rector Place due to current unfavorable market conditions. HFRE is instead seeking to lease the property to another tenant, although it is not publicly listed for rent.

### 39 APPLEGREEN DRIVE

12. I do not currently have any lien or other beneficial interest in 39 Applegreen Drive, Old Westbury, NY 11568 ("39 Applegreen Drive"). Nor do any of the Han Company Defendants.

13. On or about December 29, 2020, Duo "Emma" Liu and Xuemin Liu secured a mortgage on 39 Applegreen Drive in the amount of $8 million with QYNM as mortgagee (the "Mortgage"). A true and correct copy of the Mortgage is attached as **Exhibit A.**

14. On or about June 10, 2022, QYNM assigned the Mortgage to Applegreen Trust, thus extinguishing any lien or other interest QYNM had in 39 Applegreen Drive by reason of the Mortgage (the "Assignment"). A true and correct copy of the Assignment is attached as **Exhibit B.**

3

## THE PENTHOUSE SUITES AT THE PLAZA HOTEL

15.     I have no knowledge of the transfers alleged in the Complaint relating to Suites 2003 and 2009 in the Plaza Hotel, located at 1 Central Park South, New York, NY 10019 (the "Plaza Suites").

16.     I was not involved in the transfers alleged in the Complaint relating to the Plaza Suites. Nor were the Han Company Defendants.

## NEW LIDO THEATRE RESTAURANT

17.     Plaintiffs allege that I own and operate a Singaporean company called New Lido Theatre Restaurant ("Lido"). That is incorrect. I neither work for, own, nor have any control over Lido.

18.     On information and belief, the references to "Boss Han" in the Complaint refer to an individual named Han Ngi Kwang who I understand is a director and/or shareholder of Lido and related companies. I had no involvement in the transactions alleged in the Complaint relating to Lido.

## MONTHLY FINANCES

19.     Plaintiffs do not have any judgment against me or any of the Han Company Defendants.

20.     Plaintiffs' request for a preliminary injunction enjoining me and the Han Company Defendants from enacting transfers, withdrawals, or dispositions of amounts from one or more accounts that I control not to exceed the aggregate amount of $20,000 per month for expenses would cause my family and my businesses considerable financial damage.

21.     I maintain substantial assets in New York.

22. My monthly expenses far exceed $20,000 per month. Expenses that I personally pay for every month include, but are not limited to, rent for the home I share with my family, tuition for my children to attend school, and food and other necessary living expenses for myself and my family. HFRE pays monthly taxes and common charges on 377 Rector Place.

23. Plaintiffs' proposed spending cap of $20,000 per month would leave me unable to pay numerous bills and invoices as they become due. Moreover, I would not even have funds to pay my lawyers or to adequately defend myself in this litigation.

## RESTRAINT AGAINST REAL AND PERSONAL PROPERTY AND HAN COMPANY DEFENDANTS

24. Plaintiffs' request for a preliminary injunction enjoining the transfer, sale, assignment, or disposition of, or making or causing any encumbrance on any interest in real property—specifically 377 Rector Place, New York, NY 10280—is unreasonable and should be denied.

25. Mr. Qin has no claim to 377 Rector Place. The property is 100% owned by HFRE. Plaintiffs are not entitled to encumber such property, and I ask the Court to deny the request.

26. Plaintiffs' request for a preliminary injunction enjoining the transfer, sale, assignment, or disposition of, or making or causing any encumbrance on any interest in personal property with a market value of more than $5,000 is unreasonable and should be denied.

27. Mr. Qin has no claim over my personal property. Plaintiffs are not entitled to encumber such property, and I ask the Court to deny the request.

28. Plaintiffs' request for a preliminary injunction enjoining the transfer, sale, assignment, or disposition of, or making or causing any encumbrance on any economic or titular interest in the Han Company Defendants is unreasonable and should be denied.

29. Mr. Qin has no interest in any of the Han Company Defendants. Plaintiffs are not entitled to the relief requested, and I ask the Court to deny the request.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 22, 2024

_____
Xueyuan Han

11291143.5