**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**NEW YORK**

| | |
|---|---|
| HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP, HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP, and HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP, | ) ) ) ) ) ) ) |
| Plaintiffs/Judgment-Creditors, | ) ) |
| v. | ) ) |
| Judgment-Debtor HUI QIN (a/k/a MUK LAM LI, LI MUK LAM, HUI HUI QIN, KARL QIN, HUI QUIN), DUO LIU (a/k/a EMMA LIU), XUEMIN LIU, RUOLEI LIU, XUEYUAN HAN (a/k/a HANK HAN), HANGYUAN ZHANG, BRYN MAWR TRUST COMPANY OF DELAWARE, TRIDENT TRUST COMPANY, ST. TOME LLC, ST. FORTUNE GROUP LLC, LUXURY TEAM, INC., ST. GRAND CEREMONY LLC, KING FAME TRADING (BVI), PH2003 UNIT LLC, APPLEGREEN LLC, LUBAN CONSTRUCTION INC., ST HUDSON GROUP LLC, GOLDEN PEGASUS LLC, GOLDEN LITTLE ELEPHANT INC., GOLDEN KIRIN LLC, HARUSHIO LLC, GOLDEN LITTLE DRAGON, GOLDEN MERMAID LLC, HFRE, LLC, HATAKAZE LLC, QYNM FAMILY HOLDING LLC, HS-QYNM FAMILY, INC. QIN FAMILY TRUST, I LOVE GLE TRUST, APPLEGREEN FAMILY TRUST, MASTERPIECE HOLDING GROUP LTD., NEW LAND CAPITAL LLC, YOUYORK MANAGEMENT LLC, GOLDEN LAND FUNDS LLC, MAXIM CREDIT GROUP LLC, HFRE, LLC, JOHN AND JANE DOES 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 1:24-cv-02219-KPF
Related Case No. 1:21-cv-09221-KPF

**REPLY MEMORANDUM OF LAW**
**IN RESPONSE TO DEFENDANTS**
**XUEMIN LIU, RUOLEI LIU, KING**
**FAME TRADING (BVI), and GOLDEN**
**LITTLE DRAGON'S OPPOSITION**
**TO PLAINTIFFS' PRELIMINARY**
**INJUNCTION MOTION**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

RELEVANT FACTS AND PROCEDURAL BACKGROUND .................................................. 2

ARGUMENT ......................................................................................................... 6

    A.  SERVICE OF PROCESS IS NOT REQUIRED FOR A PRELIMINARY INJUNCTION6

    B.  A NON-ENGLISH SPEAKER CAN ACCEPT SERVICE OF PROCESS ..................... 6

    C.  DEFENDANTS' MANUFACTURED PLEADING REQUIREMENT FOR EFFECTIVE
        SERVICE IS WITHOUT MERIT ................................................................ 8

    D.  THE CORPORATE DEFENDANTS WERE PROPERLY SERVED ............................ 9

    E.  THE UNCONTESTED ALLEGATIONS AGAINST DEFENDANTS SUPPORT
        ENTRY OF A PRELIMINARY INJUNCTION ................................................. 9

CONCLUSION ...................................................................................................... 9

i

TABLE OF AUTHORITIES

Page(s)

Cases

*AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,*
 197 F.R.D. 104 (S.D.N.Y. 2000) ...................................................................................6

*Bloise v. Q4 Generational Wealth, Inc.,*
 2023 U.S. Dist. LEXIS 128672 (S.D.N.Y July 25, 2023) .......................................7

*Boston Safe Deposit & Trust Co. v. Morse,*
 779 F. Supp. 347 (S.D.N.Y. 1991) ...........................................................................7, 8

*Dominguez v. Hernandez,*
 2023 U.S. Dist. LEXIS 30634 (E.D.N.Y. Feb. 22, 2023)........................................8

*Empire Cmty. Dev. LLC v. Campoverde,*
 2023 U.S. Dist. LEXIS 149628 (E.D.N.Y. Aug. 23, 2023)......................................8

*Flowers v. Klatick,*
 No. 93 C 6606, 2004 U.S. Dist. LEXIS 17615 (N.D. Ill. Aug. 30, 2004)...............8

*H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.,*
 694 F.3d 827 (7th Cir. 2012) .....................................................................................6

*Huzhou Chuangtai Rongyuan Inv. Management. Partnership v. Qin,*
 No. 23-0747, 2024 WL 1193065 (2d Cir. Mar. 20, 2024)........................................2

*Kelly, Sutter, Mount & Kendrick, P.C. v. Alpert,*
 No. H-05-2213, 2006 U.S. Dist. LEXIS 50852 (S.D. Tex. July 25, 2006) .............8

*SEC v. MCC Int'l Corp.,*
 No. 22-12281, 2024 U.S. App. LEXIS 8404 (11th Cir. Apr. 8, 2024)....................6

*United States v. Mellon,*
 719 F. App'x 74 (2d Cir. 2018) .................................................................................8

*Nuez v. Diaz,*
 421 N.Y.S. 2d 770 (Sup. Ct. 1979)............................................................................7

*Smith v. Smith,*
 No. 19 CV 1638 (AMD)(RML), 2021 U.S. Dist. LEXIS 137323 (E.D.N.Y. July 22, 2021) ...8

*Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.,*
 80 F.4th 536 (5th Cir. 2023) ......................................................................................6

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure

Rule 4(m) ................................................................................................................6

Rule 12(b)(5) ..........................................................................................................6

Rule 65 ....................................................................................................................6

Rule 65(a) ...............................................................................................................2

## PRELIMINARY STATEMENT

Defendants Xuemin Liu ("Mrs. Liu"), Ruolei Liu ("Mr. Liu"), King Fame Trading (BVI) ("King Fame"), and Golden Little Dragon ("Little Dragon") (with King Fame, "Corporate Defendants") (collectively, "Defendants") submit an Opposition ("Opp.") to Plaintiffs' Preliminary Injunction Motion ("Mot.") based exclusively on purported improper service of process. But this is not a valid ground upon which to oppose an injunction. All that is required is proper notice, which Defendants do not contest. Indeed, after receiving notice, Defendants sought and received an adjournment of the preliminary injunction hearing and additional time to file an opposition to the Motion – which they failed to do, leaving the merits of Plaintiffs' Motion unchallenged.

Defendants' service arguments are irrelevant because no statute or rule requires service of process for a preliminary injunction. Nevertheless, each of Defendants' complaints about service are meritless, apparently made to avoid the clear allegations against them in the Complaint. Defendants' argument that the individual who accepted service at 39 Applegreen Drive was "not of suitable age and discretion" because he does not speak English (Opp. at 4-5) has been rejected by courts as the sole ground challenging effective service. Likewise, Defendants' argument that service at 39 Applegreen Drive was not proper because "Plaintiffs do not allege the Old Westbury residence as the Defendants' Dwelling" (Opp. at 5-6) is made from whole cloth – there is no legal requirement that a service address must be specifically pled in the operative complaint for service to be effective. Notably, neither Mrs. Liu nor Mr. Liu deny that they reside at 39 Applegreen Drive in their sworn declarations. That is because they do, as their daughter (Defendant Duo Emma Liu) represented in the Related Case. Finally, Defendants' arguments regarding the Corporate Defendants are duplicative of those related to Mr. and Mrs. Liu. Opp. at 6.

No procedural mechanism exists whereby the Court can outright deny a preliminary injunction because of improper service. Defendants fail to challenge any of the grounds set forth in the Motion in support of an injunction. As discussed in detail in Plaintiffs' Complaint and the Motion, and tellingly ignored by Defendants, they are part of the fraudulent scheme to hide Qin's money and frustrate Plaintiffs' efforts to enforce their Judgment. Accordingly, Defendants should be enjoined from destroying documents and transferring or disposing of assets during the pendency of this action.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Plaintiffs are judgment creditors who are seeking to enforce a 500-million-dollar arbitration award from the China International Economic and Trade Arbitration Commission ("CIETAC") against Qin, which was confirmed by this Court in the Related Case[1] and reduced to a Judgment.[2] Plaintiffs have been trying in earnest to collect the Judgment, but Qin and his co-conspirators and shills have attempted to deny and delay collection at every turn.

On March 25, 2024, Plaintiffs filed the Complaint in this action alleging seven counts, including Racketeering/civil RICO cause of action (Count 3). ECF No. 1. On March 28, 2024, Plaintiffs brought this Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 65(a) requiring Defendants to preserve their assets and records pending the resolution of the Complaint. ECF No. 10.

The Complaint and the requested Preliminary Injunction are premised on, among other things, post-judgment discovery in the Related Case. This includes the testimony of Qin, who is the son-in-law of Mr. and Mrs. Liu, that ███████████████████████████████

---

[1] Defined terms in Plaintiffs' Motion are continued herein.

[2] The Judgment was affirmed by the Second Circuit in *Huzhou Chuangtai Rongyuan Inv. Management. Partnership v. Qin*, No. 23-0747, 2024 WL 1193065 (2d Cir. Mar. 20, 2024).



*See* Dep. at 180:19-181:3

182:5-12

186:24-187:19

285:11-13

436:5-10

Plaintiffs seek a Preliminary Injunction to prevent further fraudulent transfers intended to obstruct the collection of the Judgment.

Plaintiffs served the Defendants with the Complaint and Motion for Preliminary Injunction on March 29, 2024, at 4:41 PM at 39 Applegreen Drive, Old Westbury, New York 11568, by serving Shawn "Doe" who the process server noted "did not speak English but accepted service." *See* Declaration of Carol Lee ("Lee Decl."), **Exs. 1-4** (affirmations of service). The process server provided a detailed description of Shawn "Doe" (*id.*) who accepted service from inside the gated driveway at 39 Applegreen Drive. *See id.*, **Ex. 5** (pictures of individual who accepted service). Plaintiffs also secured service on Little Dragon through the New York Department of State on April 8, 2024. *Id.*, **Ex. 6**.

On April 6, 2024, Defendants requested an adjournment of the Preliminary Injunction hearing and an extension to file their Opposition, stating they had just received notice of the proceedings through their daughter Emma Liu. ECF No. 23. In response to that extension request, Plaintiffs cited evidence demonstrating that Defendants Xuemin Liu and Ruolei Liu live with their daughter at 39 Applegreen Drive, Old Westbury, New York. ECF No. 42; *see also,* Related Case (1:21-cv-09221-KPF) (ECF No. 196-5 at 5); Lee Decl., **Ex. 7**. Defendants do not deny that they

3

live at 39 Appelgreen Drive on Long Island in their sworn declarations. *See* ECF Nos. 56 & 57. Nor do they provide any alternative addresses where they reside in their declarations. *Id.* (including no address; identifying location of execution as "Long Island, New York"). Mrs. Liu also declares she is "a shareholder of the defendants King Fame Trading and Golden Little Dragon." ECF No. 57, ¶2. Further, Plaintiffs' counsel provided electronic copies of all documents to Defendants' counsel on April 7, 2024. *See* Lee Decl., **Ex. 8**. In the transmittal email, Plaintiffs' counsel also included the affirmations of service at 39 Appelgreen Drive, and noted "[t]his service address is based on sworn testimony and other evidence produced in the Related Case (1:21-cv-0921-KPF)" and expressly requested Defendants' counsel "provide [Plaintiffs] with any alternative addresses." *Id*. In response, Defendants' counsel did not dispute Defendants resided at 39 Appelgreen Drive or provide any alternative address. *Id*. The Court granted Defendants' requested adjournment and extension of time to oppose the Motion. ECF No. 42.

On April 18, 2024, Defendants filed their Opposition, arguing the Court should deny the Motion for defective service based on three points: (i) Shawn "Doe" is not of suitable age and discretion because he does not speak English (Opp. 4-5), (ii) service was somehow ineffective because "Plaintiffs do not allege the Old Westbury residence as the Defendants' Dwelling" in the Complaint (Opp. at 5-6), and (iii) Plaintiffs did not properly serve the Corporate Defendants because service on Mrs. Liu and Mr. Liu was ineffective. ECF No. 55.

Defendants' current challenge to service of the Complaint and Motion repeats the same evasive strategy co-Defendants Qin and Liu have employed to evade service in the Related Case. Like the Defendants, Qin denied service in the underlying CIETAC arbitration at multiple residences, including one he testified is his "home" and his address for judicial service and the address in 89 court judgments, as well as the address listed in the underlying contract, and the

address in his divorce decree. *See* Related Case (1:21-cv-09221-KPF), ECF No. 82 at 1-7. In the

Related Case confirming the arbitration award, ████████████████████████████████

████████████████████████████████████████████████████████████ 39 Applegreen Drive

████████████████████████████████████████████████████████████████

███████████████████████), and at the Plaza Penthouse apartments, which Qin now claims are his

residences in a recently filed lawsuit against Emma Duo Liu. Related Case ECF Nos. *id*.; 56-1 at

3; 51-4 at 2; *See* Lee Decl., **Ex. 9,** and Dep. 34:2-12.  Specifically, in a Verified Complaint filed

on March 11, 2024, contrary to Emma Liu's representations in this action, Qin asserts that Plaza

Penthouse Apartments 2003 and 2009 ("PH 2003 and PH 2009") are properties for which Qin

solely made the down payments with his own funds ("not drawn from a joint account with

defendant Liu"), totalling "$61.7 million plus closing costs," as well as "all the mortgage payments

on the $27 million Maxim loan, along with property taxes, common charges, regular maintenance

and upkeeps." *See* Lee Decl., **Ex. 9** at ¶¶16-17, 20-21, 32, 36.

        For her part, Emma Liu denied service on Qin's behalf at both the Penthouse Apartments

and at the Applegreen address, and Qin had to be served personally in his Rolls Royce driving out

of Applegreen. Related Case ECF 52. Later, it emerged that Qin received notice from the first time

he was served (at Rector Place) because he immediately hired a law firm who promptly began

billing time even as Qin continued denying and refusing service through his wife. Related Case

ECF 47 at 24-27. Now Emma Liu's parents are using the same frivolous service arguments to

increase expense and delay resolution of Plaintiffs' claims to satisfy their Judgment.

## <u>ARGUMENT</u>

### A.    SERVICE OF PROCESS IS NOT REQUIRED FOR A PRELIMINARY INJUNCTION

Defendants' service arguments are irrelevant because no statute or rule requires service of process for a preliminary injunction. Rule 65 requires preliminary injunctions be issued only on "*notice* to the adverse party," and bears no requirement (let alone mention) of *service* on the adverse party. Fed. R. Civ. P. 65. Circuit Courts that have considered the issue have held that "a preliminary injunction requires only notice, not perfected service of process." *Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 543 (5th Cir. 2023); *accord SEC v. MCC Int'l Corp.*, No. 22-12281, 2024 U.S. App. LEXIS 8404, at *4-5 (11th Cir. Apr. 8, 2024); *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842, 846 (7th Cir. 2012). Here, both Mr. and Mrs. Liu received notice of the Motion on April 5, at the latest, when they retained counsel. ECF Nos. 56 & 57. Plaintiffs' counsel followed up with an email transmittal of all of the service documents to Defendants' counsel on April 7, receipt of which was confirmed. *See* **Ex. 8**.

Even if this were a motion to dismiss for improper service under Fed. R. Civ. 12(b)(5) – which it is not – dismissal would not be appropriate. Pursuant to Rule 12(b)(5), service must occur within 90 days to be valid. Fed. R. Civ. P. 4(m); *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 107-08 (S.D.N.Y. 2000). As a result, Plaintiffs still have over forty (40) days to serve the Complaint.

In sum, no procedural mechanism exists whereby the Court can deny a preliminary injunction because of defective service. Only notice is required, which Defendants do not deny.

### B.    A NON-ENGLISH SPEAKER CAN ACCEPT SERVICE OF PROCESS

A non-English speaker can accept service of process. Defendants' contention that Shawn Doe is not of "suitable age and discretion" to accept service of process because he is a non-English

speaker is incorrect. As the Defendants acknowledge in their Opposition, a person must be of sufficient maturity, understanding, and responsibility under the circumstances in order to be reasonably likely to convey the summons to the Defendant. *Bloise v. Q4 Generational Wealth, Inc.*, 2023 U.S. Dist. LEXIS 128672 at *3 (S.D.N.Y July 25, 2023). Defendants cite *Nuez v. Diaz*, 421 N.Y.S. 2d 770 (Sup. Ct. 1979), for the proposition that "a court *may* consider fluency in English as *one factor* in determining whether the individual served was of suitable age and discretion, especially when…the process service is on notice that such person is not fluent in English." Opp. at 4 (emphasis added).

Defendants' reliance on *Nuez* for the proposition that a non-English speaker is not "suitable" to accept service is misplaced. The court in *Nuez* decided to hold a hearing, *in part* because of the service recipient's lack of English ability. However, *Nuez* acknowledged that "most courts have held that due process does not require bilingual notice where the recipient of such notice is not fluent in English." *Id.* at 773 (collecting cases). The *Nuez* court also agreed that "a competent individual who receives a formal or an official-appearing document would be put on notice that an accurate translation was necessary." *Id.* at 774 (quotation omitted). *Nuez* is further distinguishable from our case because the court there apparently granted a hearing mostly "because the defendants controvert the process server's statements." *Id.* In this case, the conclusory affidavits from the Lius have not done that.

Indeed, there is substantial authority where courts approve of a non-English speaker accepting process. For example, in *Boston Safe Deposit & Trust Co. v. Morse*, 779 F. Supp. 347 (S.D.N.Y. 1991), the Defendant claimed a housekeeper's "limited English deprives her of the discretion to accept process," yet the court held "'Discretion . . . [for service of process] denotes . . . the capacity and maturity to act wisely and prudently.' [and] Defendant has not explained why

7

a person cannot be wise and prudent in a foreign language. Even a minimal understanding of the English language should be sufficient for a showing of suitable discretion, if the individual can comprehend the circumstances of service." *Id.* at 350. (citations omitted). Indeed, "Courts have found service to be acceptable when it has been delivered to children as young as thirteen, or to someone who has minimal ability to speak English." *Flowers v. Klatick*, No. 93 C 6606, 2004 U.S. Dist. LEXIS 17615, at *6 (N.D. Ill. Aug. 30, 2004) (citing *Nuez*); *see also Kelly, Sutter, Mount & Kendrick, P.C. v. Alpert*, No. H-05-2213, 2006 U.S. Dist. LEXIS 50852, at *33-34 (S.D. Tex. July 25, 2006) (recipient "does not speak fluent English," but did have some English ability). As such, a non-English speaker can accept service of process and Defendants' assertions to the contrary are incorrect.[3]

### C.     DEFENDANTS' MANUFACTURED PLEADING REQUIREMENT FOR EFFECTIVE SERVICE IS WITHOUT MERIT

To avoid answering the Motion, Defendants manufacture a ground for defective service that does not exist at law or equity. Defendants argue that service was somehow ineffective because "Plaintiffs do not allege the Old Westbury residence as Defendants' dwelling." Opp. at 5-6. There is no legal requirement that a service address must be specifically pled in the operative complaint for service to be effective. Mrs. and Mr. Liu live at 39 Applegreen Drive with their daughter, Emma Liu (**Ex. 7**), which neither Mrs. Liu nor Mr. Liu deny in their sworn declarations. ECF Nos. 56 & 57. Service at that address was effective.

---

[3] The other cases Defendants cite for this point do not involve language issues at all. *See Empire Cmty. Dev. LLC v. Campoverde*, 2023 U.S. Dist. LEXIS 149628, at *14-16 (E.D.N.Y. Aug. 23, 2023) (process server did not state reason for belief defendant lived at residence, and did not state whether recipient lived there); *Dominguez v. Hernandez*, 2023 U.S. Dist. LEXIS 30634, at *31-33 (E.D.N.Y. Feb. 22, 2023) (no basis for process server's belief that recipient or defendant lived at address); *Smith v. Smith*, No. 19 CV 1638 (AMD)(RML), 2021 U.S. Dist. LEXIS 137323, at *1-3 (E.D.N.Y. July 22, 2021) (same issue); *United States v. Mellon*, 719 F. App'x 74, 77 (2d Cir. 2018) (service was proper). None of those cases were procedurally analogous to this one. In fact, *Empire*, *Dominguez*, and *Smith* were all denials of motions for default judgment.

### D.     THE CORPORATE DEFENDANTS WERE PROPERLY SERVED

Defendants largely bootstrap their prior service arguments to the Corporate Defendants, which, as described above, are without merit. Defendants admit that Mrs. Liu is "the sole owner of King Fame" (Opp. at 6), so service of King Fame at 39 Applegreen Drive was effective. Little Dragon was also served at 39 Applegreen Drive, as well as through the New York Department of State (*see* **Ex. 6**), which is authorized to accept service on behalf of Little Dragon.

### E.     THE UNCONTESTED ALLEGATIONS AGAINST DEFENDANTS SUPPORT ENTRY OF A PRELIMINARY INJUNCTION

The Defendants have failed to respond to any of the substantive allegations set forth in the Complaint (ECF No. 1) or the Preliminary Injunction Motion (ECF No. 10). As a result, the detailed factual assertions and substantive allegations levied against Mr. Liu,[4] Mrs. Liu,[5] King Fame,[6] and Little Dragon[7] supporting an injunction remain uncontested. Accordingly, Defendants should be enjoined from destroying documents and transferring or disposing of assets during the pendency of this action.

## <u>CONCLUSION</u>

Defendants' service arguments are irrelevant to the Motion, and Defendants have failed to counter any of the allegations set forth in the Complaint and the Motion in support of a Preliminary Injunction. Accordingly, Plaintiffs respectfully request the Court enter a Preliminary Injunction against Defendants.

---

[4] The allegations as to Mr. Liu are set forth in the Complaint (¶¶ 24, 27, 207, 222-223, 226, 239, 274, 373, 414, 497, 499, 52) and in the Preliminary Injunction (Page 1 (fn.2)).

[5] The allegations as to Mrs. Liu include asset transfers and are set forth in the Complaint (¶¶ 23, 135, 159, 216, 217, 219, 220, 221, 227, 229. 239, 292, 315-316, 318, 320, 380, 408, 414, 443, 444-445, 446, 525) and in the Preliminary Injunction (Pages 6, 9, 14, 33, 24).

[6] The allegations as to King Fame include asset transfers and are set forth in the Complaint (¶¶ 124-127, 157, 184 (fn.17), 216, 220-221, 238, 239, 314-316, 404, 442, 481, 488, 491) and in the Preliminary Injunction (Page 1, 8, 33).

[7] The allegations as to Golden Little Dragon include asset transfers and are set forth in the Complaint (¶¶ 40, 216, 237, 239, 287, 288-289, 414) and in the Preliminary Injunction (Page 1 (fn. 2)).

Date: April 22, 2024
New York, New York

Respectfully submitted,

 */s/ Geoffrey Sant*_____

Geoffrey Sant
Andrew C. Smith
Carol Lee
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 858-1000
Fax: (212) 858-1500
geoffrey.sant@pillsburylaw.com
andrew.smith@pillsburylaw.com
carol.lee@pillsburylaw.com
*Attorney for Plaintiffs/Judgment Creditors*
*Huzhou Chuangtai Rongyuan Investment*
*Management Partnership, Huzhou Huihengying*
*Equity Investment Partnership, and Huzhou*
*Huirongsheng Equity Investment Partnership*