

Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue | Miami, FL 33131 | tel 786.913.4900 | fax 786.913.4901

Geoffrey Sant
tel: 212.858.1162
geoffrey.sant@pillsburylaw.com

April 22, 2024

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007



Re: *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin et al*, Case No. 1:24-cv-02219-KPF (Related to Case No. 1:21-cv-09221-KPF) – **Plaintiffs' Request for Leave to File A Document with Redactions**

Dear Judge Failla:

We write on behalf of Plaintiffs Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership ("Plaintiffs") to request leave to file a document with redactions, pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases and the parties' Stipulated Protective Order dated January 3, 2023, Dkt. No. 92 ("Protective Order") in *Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin,* 1:21:cv-09221-KPF (S.D.N.Y. Nov. 8, 2021) (the "Related Case").

In conjunction with Plaintiffs' Reply in Support of the Motion for A Preliminary Injunction, filed contemporaneously herewith, Plaintiffs respectfully request to file the Reply Memorandum of Law in Support of their Motion for a Preliminary Injunction (the "Memorandum of Law") with redactions pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases and the Protective Order.

Pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, a party seeking to file a document with redactions must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of access against competing comparisons, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at

The Honorable Katherine Polk Failla
April 22, 2024
Page 2 of 2

120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Here, the Memorandum of Law contains certain testimony marked Confidential pursuant to the Protective Order by Qin in the Related Case. The parties' interest in protecting confidential information, specifically sensitive business information that pertains to their clients as well as Qin and Emma Duo Liu's personal information, overcomes the presumption of access. Indeed, Your Honor has previously granted Plaintiffs' request to file documents with redactions in the Related Case to protect certain sensitive personal and financial information, which was clearly visible. *See* ECF 112 in the Related Case.

Because the Memorandum of Law contains confidential information of the kind that is deserving of protection and restricting public access, Plaintiffs respectfully request that the Court grant their request to redact the Memorandum of Law.

Respectfully submitted,

  /s/ Geoffrey Sant
Geoffrey Sant
Andrew C. Smith
Carol Lee
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 858-1000
Fax: (212) 858-1500
geoffrey.sant@pillsburylaw.com
andrew.smith@pillsburylaw.com
carol.lee@pillsburylaw.com
*Attorney for Plaintiffs/Judgment Creditors Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership*

cc:     All counsel of record (via ECF)

Application GRANTED. The Clerk of Court is directed to maintain docket entries 74 and 75 under seal, viewable to the Court and the parties only. The Clerk of Court is further directed to terminate the pending motion at docket entry 73.

Dated:     April 23, 2024          SO ORDERED.
           New York, New York

                                   *Katherine Polk Failla*

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE