

Nixon Peabody LLP
55 West 46th Street
New York, NY 10036-4120

**Stephen P. Younger**
Senior Counsel

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T / 212.940.3036
C / 973.768.7874
F / 833.709.7111
spyounger@nixonpeabody.com

April 22, 2024

*VIA ECF*

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



**RE:** **Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin;**
    **No. 1:24-cv-02219-KPF**
    <u>**Letter Opposing Huzhou's Request for a Writ of Habeas Corpus** *Ad Testificandum*</u>

Dear Judge Failla:

  We represent Defendant Emma Duo Liu and the Company Defendants in the above-captioned matter.  We write to oppose Plaintiffs' extraordinary request for a writ of habeas corpus *ad testificandum*, which would require Defendant Hui Qin to testify at the April 26, 2024 injunction hearing in this case.

  Plaintiffs previously represented to this Court that the discovery they took in the separate asset collection case (which was supposed to be solely for purposes of that case) had provided them the evidence they needed to file the present case.  ECF No. 40, Exs. A, D.  The discovery in the First Action included taking deposition testimony of Mr. Qin — a transcript from which Plaintiffs quoted liberally in their injunction papers.  *See* ECF No. 10 at 9-10, 14, 16-17.  Plaintiffs' habeas corpus request fails to cite *a single line of questioning* that they were unable to ask at Mr. Qin's deposition which would provide a basis to call Mr. Qin at the hearing.  Indeed, the subjects they do list — *e.g.,* asserted frustration of their judgment and alleged fraudulent transfers — were the *same* subjects in the First Action about which they took extensive testimony of Mr. Qin.

  Moreover, the focus of the upcoming hearing will be on whether an injunction should issue against our clients, Ms. Liu and the Company Defendants.  Mr. Qin has not even filed opposition papers to the injunction motion.  As we have pointed out in our opposition papers, muddying up the record with allegations against Mrs. Qin *does not* provide any basis for an injunction against Ms. Liu and the Company Defendants.

  Plaintiffs' concerns about Mr. Qin potentially leaving the country can be addressed in

dealing with merits discovery. They do not present grounds to expand the scope of the injunction hearing.

Accordingly, the Court should reject Plaintiffs' efforts to over-complicate the scheduled injunction hearing[1] and impose still further unnecessary cost on Ms. Liu

Sincerely,

Stephen P. Younger
Senior Counsel

cc: All parties of record via ECF

---

[1] We note that Ms. Liu was a third-party to the First Action and the Company Defendants had no involvement in it.  As a result, our clients have not yet had access to the discovery record in the First Action — including the full deposition transcript of Mr. Qin's testimony plus exhibits.  As a result, if the injunction hearing were turned into an evidentiary hearing, we would be entitled to that evidentiary record, which undoubtedly would require a further adjournment of the April 26 hearing.

The Court is in receipt of Plaintiffs' request for a writ of habeas corpus *ad testificandum* to require Qin to appear and testify at the preliminary injunction hearing (Dkt. #58) and Ms. Liu's counsel's above response (Dkt. #61).

The Court will obtain Mr. Qin's presence at the preliminary injunction hearing on its own accord, but will not issue a writ of habeas corpus *ad testificandum* requiring him to testify at such hearing. While the Court feels it unnecessary for Mr. Qin to testify at the hearing, it does believe he should otherwise be present for the proceedings, which concern him and his assets.

The Court hereby ORDERS Mr. Qin's criminal counsel (and, specifically, at least one such counsel who is capable of conversing with Mr. Qin) in the E.D.N.Y. action (*United States* v. *Qin Hui*, Case No. 24 Cr. 100 (JMA)) to appear on his behalf at the preliminary injunction hearing on April 26, 2024, at 11:00 a.m., in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. The Court further ORDERS Plaintiffs to serve a copy of the instant endorsement on Mr. Qin's criminal counsel.

The Clerk of Court is directed to terminate the pending motion at docket entry 58.

Dated:     April 23, 2024              SO ORDERED.
           New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE