UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP; HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP; and HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP, <br><br> Plaintiffs, <br><br> -v.- <br><br> JUDGMENT-DEBTOR HUI QIN, *a/k/a MUK LAM LI, LI MUK LAM, HUI HUI QIN, KARL QIN, and HUI QUIN*; DUO LIU, *a/k/a EMMA LIU*; XUEMIN LIU; RUOLEI LIU; XUEYUAN HAN, *a/k/a HANK HAN*; HANGYUAN ZHANG; BRYN MAWR; TRUST COMPANY OF DELAWARE; TRIDENT TRUST COMPANY; ST. TOME LLC; ST. FORTUNE GROUP LLC; LUXURY TEAM, INC.; ST. GRAND CEREMONY LLC; KING FAME TRADING (BVI); PH2003 UNIT LLC; APPLEGREEN LLC; LUBAN CONSTRUCTION INC.; HUDSON GROUP LLC; GOLDEN PEGASUS LLC; GOLDEN LITTLE ELEPHANT INC.; GOLDEN KIRIN LLC; HARUSHIO LLC; GOLDEN LITTLE DRAGON; GOLDEN MERMAID LLC; HATAKAZE LLC; QYNM FAMILY HOLDING LLC; HS-QYNM FAMILY, INC.; QIN FAMILY TRUST; I LOVE GLE TRUST; APPLEGREEN FAMILY TRUST; MASTERPIECE HOLDING GROUP LTD.; NEW LAND CAPITAL LLC; YOUYORK MANAGEMENT LLC; GOLDEN LAND FUNDS LLC; MAXIM CREDIT GROUP LLC; HFRE, LLC; and JOHN AND JANE DOES 1-20, <br><br> Defendants. | 24 Civ. 2219 (KPF) <br><br> **ORDER GRANTING PRELIMINARY INJUNCTION** |

KATHERINE POLK FAILLA, District Judge:

The Motion for Preliminary Injunction of Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership (collectively, "Plaintiffs") (Dkt. #7) came on for hearing before this Court.

Having considered the briefing and arguments of counsel, and all other materials presented to this Court, the Court finds that Plaintiffs have satisfied their burden to obtain a preliminary injunction under all the Second Circuit's applicable standards.  First, the Court finds that Plaintiffs have demonstrated irreparable harm in the absence of the below injunction and a substantial likelihood of success on the merits of their claims.  Additionally, and alternatively, the Court finds that Plaintiffs have demonstrated irreparable harm in the absence of the below injunction, serious questions on the merits of their claims, and a balance of hardships favoring Plaintiffs.  The Court further finds that the harm to Defendants from such a preliminary injunction is not great, if there is any harm at all; that the balance of equities tips in Plaintiffs' favor; and that issuance of this Order will serve the public interest.

Accordingly, good cause appearing, the Court hereby GRANTS Plaintiffs' Motion for Preliminary Injunction.

IT IS HEREBY ORDERED THAT:

1. The Stipulations filed with this Court at docket entries 85 and 86 between Plaintiffs and the Stipulating Defendants, as defined therein, are incorporated by reference.

2. The Defendants listed in Exhibit A to this Order (the "Enjoined Defendants"), and all agents, employees, attorneys, or other persons in active concert with them are enjoined and restrained for the pendency of this action from destroying, deleting, disposing of, or altering any document or communication related to the claims in the Plaintiffs' complaint, including documents or communications related to the withdrawal, receipt, transfer, or other disposition of money or assets by or to any Defendant or between any Defendants.

3. The Enjoined Defendants, and all agents, employees, attorneys,

or other persons in active concert with them, are enjoined and restrained for the pendency of this action from making or causing any transfer, withdrawal, sale, assignment, or disposition, or making or causing any encumbrance on, any money or other assets accessible to them, individually or collectively, or that are owned or controlled by them, individually or collectively, including, but not limited to, cryptocurrency or non-fungible tokens, jewels, jewelry, precious metals, artwork, antiques/collectibles, bearer shares, commercial paper, tangible and intangible, liquid and illiquid assets, whether held personally or through another or held in accounts or kept in safety deposit boxes with any bank or other financial institution, including, but not limited to, those banks, financial institutions, and accounts listed in Exhibit B to this Order.

4. Notwithstanding this Order, the Enjoined Defendants shall be permitted to make deposits, without limitation, into any account held by the Enjoined Defendants, individually or collectively.

5. Notwithstanding this Order, each of the Enjoined Defendants shall be permitted to make one or more transfers, withdrawals, or dispositions of amounts from one or more accounts that they control, which in the aggregate shall not exceed $25,000 per month, for expenses (the "Carve-Out Amount"). For purposes of this Order, "per month" shall mean from the first day of a given calendar month until the last day of that calendar month.

6. The following routine expenses of Enjoined Defendants are exempt from the Carve-Out Amount and may be paid to legitimate creditors, with concurrent disclosure of each payment to the Plaintiffs in writing: (i) tuition for minor children; (ii) legal fees; (iii) mortgage payments to banks; (iv) health insurance; (v) summer camp for minor children; (vi) ad valorem taxes; (vii) utilities, (viii) common area maintenance, HOA and like fees; and

(ix) insurance payments on any currently in-force policies insuring property.

7. Any bank, savings and loan association, payment processor, or other financial institution for the Enjoined Defendants, including, but not limited to, those listed in Exhibit B to this Order, within ten (10) business days of receipt of this Order shall:

   a. locate all accounts and funds connected to any Enjoined Defendant and disclose them to Plaintiffs in writing;
   b. provide copies of monthly statements to Plaintiffs when sent to the Enjoined Defendants; and
   c. immediately report to Plaintiffs any attempt by the Enjoined Defendants to open a new account, or transfer over $100,000.00.

8. The Enjoined Defendants, and all agents, employees, attorneys, or other persons in active concert with them are enjoined and restrained for the pendency of this action from making or causing any transfer, sale, assignment, or disposition of, or making or causing any encumbrance on any interest in real property, including, but not limited to, the real property located at:

   a. 39 Applegreen Drive, Old Westbury, New York 11568;
   b. 35 Applegreen Drive, Old Westbury, New York 11568;
   c. 1 Central Park S #2003, New York, New York 10019 (a/k/a 768 5th Avenue #2003, New York, New York 10019); and
   d. 1 Central Park S #2009, New York, New York, 10019 (a/k/a 768 5th Avenue #2009, New York, New York 10019).

9. The Enjoined Defendants, and all agents, employees, attorneys, or other persons in active concert with the Enjoined Defendants are enjoined and restrained for the pendency of this action from making or causing any

transfer, sale, assignment, or disposition of, or making or causing any encumbrance on any interest in personal property with a market value or book value of more than $5,000, including, but not limited to:

    a. Vehicles, including, but not limited to:
        i. 2017 Rolls Royce Phantom (VIN -5441);
        ii. 2018 Rolls Royce Phantom (VIN -5534);
        iii. 2019 Rolls Royce Cullinan (VIN -3944);
        iv. 2020 Mercedes Benz G63W4 (VIN -8058);
    b. Aircraft;
    c. Boats;
    d. Clothing;
    e. Handbags;
    f. Furnishings; and
    g. Appliances and electronics.

10. The Enjoined Defendants, and all agents, employees, attorneys, or other persons in active concert with them are enjoined and restrained for the pendency of this action from making or causing any transfer, sale, assignment, or disposition of, or making or causing any encumbrance on any economic or titular interest in any of the entity Defendants, including, but not limited to:

    a. St. Tome LLC;
    b. St. Fortune Group LLC;
    c. Luxury Team, Inc.;
    d. St. Grand Ceremony LLC;
    e. King Fame Trading (BVI);
    f. PH2003 Unit LLC;
    g. Applegreen LLC;

      h. Luban Construction, Inc.;

      i. St. Hudson Group, LLC;

      j. Golden Pegasus LLC;

      k. Golden Little Elephant Inc.;

      l. Golden Kirin LLC;

      m. Harushio LLC;

      n. Golden Little Dragon LLC;

      o. Golden Mermaid LLC;

      p. Hatakaze LLC;

      q. Qin Family Trust;

      r. I Love GLE Trust;

      s. Applegreen Family Trust;

      t. Masterpiece Holding Group Ltd.; and

      u. Maxim Credit Group LLC.

11. Notwithstanding this Order, any Enjoined Defendant may request, on twenty-four (24) hours' written notice to the Plaintiffs, an agreement from the Plaintiffs to permit the transfer, sale, assignment, or disposition of, or to permit the encumbrance on any cash or other asset, including real property and personal property, covered by this Order. Plaintiffs may condition their agreement on the proceeds from such transfer, sale, assignment, or disposition being placed in a blocked account or other trust or escrow account requiring Court approval for further transfers, sales, assignments, or dispositions to the Enjoined Defendants or others.

12. Notwithstanding this Order, any Enjoined Defendant may move this Court, on two (2) days' written notice to the Plaintiffs, for an order permitting the transfer, sale, assignment, or disposition of, or permitting the encumbrance on any cash or other asset, including real, intangible and/or

personal property, covered by this Order.

13. This Order is issued without prejudice to Plaintiffs seeking further, additional, or different relief as appropriate, including further equitable or legal relief.

14. Pursuant to Federal Rule of Civil Procedure 65, and the Court's findings above of Plaintiffs' substantial likelihood of success on the merits and Enjoined Defendants' lack of harm by this injunction, the Court exercises its discretion and sets bond at $50,000.00.

15. This Order shall continue in full force and effect until terminated or modified by this Court.

16. This Order shall become immediately effective upon its entry.

The Clerk of Court is directed to terminate the pending motion at docket entry 7.

SO ORDERED.

Dated: April 26, 2024
       New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge

## Exhibit A

(1) HUI QIN a/k/a MUK LAM LI a/k/a LI MUK LAM a/k/a HUI HUI QIN a/k/a KARL QIN a/k/a HUI QUIN;

(2) DUO LIU a/k/a EMMA LIU;

(3) XUEMIN LIU;

(4) RUOLEI LIU;

(5) BRYN MAWR TRUST COMPANY OF DELAWARE;

(6) TRIDENT TRUST COMPANY;

(7) ST. TOME LLC;

(8) ST. FORTUNE GROUP LLC;

(9) LUXURY TEAM, INC;

(10) ST. GRAND CEREMONY LLC;

(11) KING FAME TRADING (BVI);

(12) PH2003 UNIT LLC;

(13) APPLEGREEN LLC;

(14) LUBAN CONSTRUCTION, INC.;

(15) ST. HUDSON GROUP LLC;

(16) GOLDEN PEGASUS LLC;

(17) GOLDEN LITTLE ELEPHANT INC.;

(18) GOLDEN KIRIN LLC;

(19) HARUSHIO LLC;

(20) GOLDEN LITTLE DRAGON LLC;

(21) GOLDEN MERMAID LLC;

(22) HATAKAZE LLC;

(23) QIN FAMILY TRUST;

(24) I LOVE GLE TRUST;

(25) APPLEGREEN FAMILY TRUST;

(26) MASTERPIECE HOLDING GROUP LTD.;

(27) MAXIM CREDIT GROUP LLC.; and

(28) ALL AGENTS, EMPLOYEES, ATTORNEYS, OR OTHER PERSONS IN ACTIVE CONCERT WITH ANY OF THE INDIVIDUALS OR ENTITIES LISTED ABOVE.

**Exhibit B**

(1) Axos Bank, including but not limited to the account ending:
    a. 6429;

(2) Cathay Bank, including but not limited to those accounts ending:
    a. 5198;
    b. 8918;

(3) Citibank, including but not limited to those accounts ending:
    a. 1554;
    b. 3785;
    c. 6047;
    d. 9002;
    e. 9029;

(4) East West Bank, including but not limited to those accounts ending:
    a. 0340;
    b. 0424;
    c. 1828;
    d. 1976;
    e. 1992;
    f. 2438;
    g. 2511;
    h. 3881;
    i. 8218;

(5) Guotaijunan International, including but not limited to the account ending:
    a. 9388;

(6) HSBC Bank USA;

(7) JPMorgan Chase Bank, including but not limited to those accounts ending:
    a. 0526;
    b. 1083;
    c. 2015;
    d. 2519;

    e. 2686;

    f. 2801;

    g. 3017;

    h. 3516;

    i. 5208;

    j. 6630;

    k. 7331;

(8) Standard Chartered Bank U.S., including but not limited to the account ending:

    a. 8881;

(9) TD Ameritrade, including but not limited to those accounts ending:

    a. 2927;

    b. 3288;

    c. 6723;

    d. 7549;

    e. 8509.