

Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Stephen P. Younger**
Senior Counsel

T / 212.940.3036
F / 833.709.7111
spyounger@nixonpeabody.com

May 6, 2024

***VIA ECF***

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



RE: Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin;
No. 1:24-cv-02219-KPF
Request of Liu Defendants to Seal Documents

Dear Judge Failla:

Pursuant to Section 9(c)(ii) of Your Honor's Individual Rules of Practice in Civil Cases), we write to respectfully request that the Court permit the sealing of Exhibit A to the Defendant Emma "Duo" Liu ("Ms. Liu") and the Company Defendants (collectively, the "Liu Defendants") Opposition to Huzhou's Request for an Extension of Time to Post Bond (filed contemporaneously herewith).

A party seeking to file a document under seal needs to address the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). And any redaction or sealing of a court filing needs to be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *Id.*

The Court must balance this common law presumption of access against competing interests, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the [moving party] outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 649-50.

Given the nature of this matter (a private matter ultimately related to Plaintiffs' attempts to collect a judgment from Mr. Qin) and the fact that Ms. Liu is not the actual judgment-debtor, but merely a party whose private affairs are being dragged into this dispute, and given the ongoing criminal investigation about which the Court has been informed, we submit that there is a more than sufficient basis to seal the documents referenced herein. These documents contain confidential information of the kind that is deserving of protection and restricting public access, and therefore Ms. Liu respectfully requests that the Court grant this request.

Hon. Katherine Polk Failla
May 6, 2024
Page 2

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

Sincerely,

Stephen P. Younger
Senior Counsel

SPY

To:    All parties of record via ECF

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entry 117 under seal, viewable to the Court and the
parties only.  The Clerk of Court is further directed to
terminate the pending motion at docket entry 115.

Dated:     May 6, 2024                SO ORDERED.
           New York, New York


                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE
```