**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP, HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP, and HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP, | |
| Plaintiffs/Judgment-Creditors, | 1:24-cv-02219-KPF Related to Case No. 1:21-cv-09221-KPF |
| v. | |
| Judgment-Debtor HUI QIN (a/k/a MUK LAM LI, LI MUK LAM, HUI HUI QIN, KARL QIN, HUI QUIN), DUO LIU (a/k/a EMMA LIU), XUEMIN LIU, RUOLEI LIU, XUEYUAN HAN (a/k/a HANK HAN), HANGYUAN ZHANG, BRYN MAWR TRUST COMPANY OF DELAWARE, TRIDENT TRUST COMPANY, ST. TOME LLC, ST. FORTUNE GROUP LLC, LUXURY TEAM, INC., ST. GRAND CEREMONY LLC, KING FAME TRADING (BVI), PH2003 UNIT LLC, APPLEGREEN LLC, LUBAN CONSTRUCTION INC., ST HUDSON GROUP LLC, GOLDEN PEGASUS LLC, GOLDEN LITTLE ELEPHANT INC., GOLDEN KIRIN LLC, HARUSHIO LLC, GOLDEN LITTLE DRAGON, GOLDEN MERMAID LLC, HATAKAZE LLC, QYNM FAMILY HOLDING LLC, HS-QYNM FAMILY, INC. QIN FAMILY TRUST, I LOVE GLE TRUST, APPLEGREEN FAMILY TRUST, MASTERPIECE HOLDING GROUP LTD., NEW LAND CAPITAL LLC, YOUYORK MANAGEMENT LLC, GOLDEN LAND FUNDS LLC, MAXIM CREDIT GROUP LLC, HFRE, LLC, JOHN and JANE DOES 1-20, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF XUEYUAN HAN, QYNM FAMILY HOLDING LLC, HS-QYNM FAMILY, INC., AND <u>HFRE, LLC</u>**

11298054.9

CARTER LEDYARD & MILBURN LLP
    Jeffrey S. Boxer
    Madelyn K. White
    Sarah H. Ganley
28 Liberty Street, 41st Floor
New York, NY 10005
Tel.:   (212) 238-8772
Fax:   (212) 732-3232
Email: boxer@clm.com / white@clm.com /
      ganley@clm.com

*Attorneys for Defendant Xueyuan Han, QYNM*
*Family Holding LLC, HS-QYNM Family, Inc. and*
*HFRE, LLC*

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

POINT I
PLAINTIFFS FAIL TO STATE A PLAUSIBLE RICO CLAIM AGAINST
MR. HAN OR THE HAN COMPANY DEFENDANTS ........................................................ 5

    A.    Plaintiffs Fail to Allege Causation and Thus Lack Standing to Assert
           RICO Claims.......................................................................................................... 7

    B.    Plaintiffs' Predicate Act Allegations Are Plainly Deficient and Lack
           Specificity ............................................................................................................ 7

    C.    Plaintiffs Fail to Plead an "Association in Fact" Enterprise .................................... 10

    D.    Plaintiffs Fail to Allege a RICO Conspiracy Under 18 U.S.C. § 1962(d) ............... 12

POINT II
PLAINTIFFS FAIL TO STATE PLAUSIBLE STATE LAW CLAIMS AGAINST
MR. HAN OR THE HAN COMPANY DEFENDANTS ........................................................ 13

    A.    Plaintiffs Fail to Plausibly Allege a Claim for Disregard of Sham Transactions
           Against Mr. Han or the Han Company Defendants ................................................... 13

    B.    Plaintiffs Fail to Plausibly Allege Alter Ego Claims Against Mr. Han or the
           Han Company Defendants ....................................................................................... 13

    C.    Plaintiffs Fail to Plausibly Allege a Claim Against Mr. Han or the Han
           Company Defendants for Violation of GBL § 133 .................................................. 15

    D.    Plaintiffs' Claim that CivilizAsian Foundation Is a Sham Charity Is Not
           Alleged Against Mr. Han or the Han Company Defendants...................................... 15

    E.    Plaintiffs Fail to Plausibly Allege a Claim for Conspiracy Against Mr. Han
           or the Han Company Defendants............................................................................. 15

    F.    Plaintiffs Fail to Plausibly Allege a Claim for Preliminary and Permanent
           Injunction Against Mr. Han and the Han Company Defendants .............................. 16

i

G.  Plaintiffs Fail to Plausibly Allege Alternative Claims for Fraudulent Transfer (Count 8) or for Constructive Fraudulent Transfer (Count 9) Against Mr. Han or the Han Company Defendants...........................................................................17

H.  With the RICO Claims Dismissed, the Court Lacks Subject-Matter Jurisdiction Over the State Law Claims ......................................................................................17

CONCLUSION.................................................................................................................................18

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abbott Labs. v. Adelphia Supply USA*,
No. 15CV5826, 2017 U.S. Dist. LEXIS 1007 (E.D.N.Y. Jan. 4, 2017) .................................. 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................................... 4

*Atl. Gypsum Co., Inc. v. Lloyds Int'l Corp.*,
753 F. Supp. 505 (S.D.N.Y. 1990) ..................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................... 4

*Black v. Ganieva*,
619 F. Supp. 3d 309 (S.D.N.Y. 2022) ............................................................................. 12

*Boneta v. Rolex Watch USA, Inc.*,
232 F. Supp. 3d 354 (S.D.N.Y. 2017) .......................................................................... 5, 12

*Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*,
No. 99 CIV. 9623, 2007 U.S. Dist. LEXIS 27001 (S.D.N.Y. Apr. 4, 2007) ......................... 16

*Brigsby v. Barclays Capital Real Estate, Inc.*,
170 F. Supp. 3d 568 (S.D.N.Y. 2016) ............................................................................... 9

*Casio Comput. Co. v. Sayo*,
No. 98 Civ 3772, 2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000) ...................................... 9, 10

*Cedar Swamp Holdings, Inc. v. Zaman*,
487 F. Supp. 2d 444 (S.D.N.Y. 2007) .............................................................................. 11

*Cohen v. S.A.C. Trading Corp.*,
711 F.3d 353 (2d Cir. 2013) ............................................................................................... 9

*Cont'l Petroleum Corp., Inc. v. Corp. Funding Partners LLC*,
No. 11-civ-7801, 2012 U.S. Dist. LEXIS 51841 (S.D.N.Y. Apr. 12, 2012) .................... 10, 11

*Crawford v. Franklin Credit Mgmt.*,
758 F.3d 473 (2d Cir. 2014) .............................................................................................. 12

iii

*Cruz v. FXDirectDealer, LLC*,
  720 F.3d 115 (2d Cir. 2013)...........................................................................5

*De Jesus v. Sears, Roebuck & Co.*,
  87 F.3d 65 (2d Cir. 1996) ............................................................................14

*DLJ Mortg. Capital, Inc. v. Kontogiannis*,
  594 F. Supp. 2d 308 (E.D.N.Y. 2009) ...........................................................8

*Dynarex Corp. v. Farrah*,
  No. 18 CV 7072, 2019 U.S. Dist. LEXIS 89048 (S.D.N.Y. May 28, 2019) ....................11, 12

*F5 Capital v. Pappas*,
  856 F.3d 61 (2d Cir. 2017)...........................................................................17

*FindTheBest.com v. Lumen View Tech. LLC*,
  20 F. Supp. 3d 451 (S.D.N.Y. 2014).............................................................5

*First Capital Asset Mgmt. v. Satinwood, Inc.*,
  385 F.3d 159 (2d Cir. 2004)...................................................................4, 8, 9

*Flexborrow LLC v. TD Auto Fin. LLC*,
  255 F. Supp. 3d 406 (S.D.N.Y. 2017)....................................................6, 9, 12

*Hecht v. Com. Clearing House, Inc.*,
  897 F.2d 21 (2d Cir. 1990)............................................................................6

*Holmes v. SEC Inv. Prot. Corp.*,
  503 U.S. 258 (1992)......................................................................................7

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*,
  306 F. Supp. 2d 482 (S.D.N.Y. 2004)..........................................................14

*Katzman v. Victoria's Secret Catalogue*,
  167 F.R.D. 649 (S.D.N.Y. 1996) ...................................................................8

*Key Items, Inc. v. Ultima Diamonds, Inc.*,
  No. 09-CIV-3729, 2010 U.S. Dist. LEXIS 84830 (S.D.N.Y. Aug. 17, 2010)........................14

*Labib Janbay v. Canadian Solar, Inc.*,
  No. 10 Civ. 4430, 2012 U.S. Dist. LEXIS 47125 (S.D.N.Y. Mar. 30, 2012)........................13

*Makowski v. United Bhd. of Carpenters & Joiners of Am.*,
  No. 08 Civ. 6150, 2010 U.S. Dist. LEXIS 77775 (S.D.N.Y. Aug. 2, 2010) .........................7

*McCoy v. Goldberg*,
  748 F. Supp. 146 (S.D.N.Y. 1990)................................................................8

iv

*Moss v. BMO Harris Bank, N.A.*,
　　258 F. Supp. 3d 289 (E.D.N.Y. 2017) ................................................................. 11

*Picard v. Kohn*,
　　907 F. Supp. 2d 392 (S.D.N.Y. 2012) ................................................................... 7

*Red Ball Interior Demolition Corp. v. Palmadessa*,
　　874 F. Supp. 576 (S.D.N.Y. 1995) ........................................................................ 7

*Rosenshein v. Kushner*,
　　No. 15cv7397, 2016 U.S. Dist. LEXIS 114909 (S.D.N.Y. Aug. 26, 2016) ............ 18

*Sanchez v. ASA Coll., Inc.*,
　　No. 14-CV-5006, 2015 U.S. Dist. LEXIS 73222 (S.D.N.Y. June 5, 2015) ............ 12

*Shields v. Citytrust Bancorp. Inc.*,
　　25 F.3d 1124 (2d Cir. 1994) .................................................................................. 9

*Swiskey v. Palumbo*,
　　No. 07-cv-6624, 2009 U.S. Dist. LEXIS 24832 (S.D.N.Y. Mar. 9, 2009),
　　*aff'd*, 377 F. App'x 39 (2d Cir. 2010) .................................................................... 4

*Two Kids From Queens, Inc. v. J&S Kidswear, Inc.*,
　　09-CIV-3690, 2010 U.S. Dist. LEXIS 10620 (E.D.N.Y. Feb. 8, 2010) ................ 14

*Vaughn v. Air Line Pilots Ass'n, Int'l*,
　　377 F. App'x 88 (2d Cir. 2010) .............................................................................. 9

*Watkins v. Smith*,
　　No. 12 Civ. 4635, 2012 U.S. Dist. LEXIS 165762 (S.D.N.Y. Nov. 19, 2012) ...... 18

*White v. Nat'l Home Prot., Inc.*,
　　09-CIV-4070, 2010 WL 1706195 (S.D.N.Y. Apr. 21, 2010) ................................ 14

*Worldwide Directories, S.A. v. Yahoo! Inc.*,
　　No. 14-cv-7349, 2016 U.S. Dist. LEXIS 44265 (S.D.N.Y. Mar. 31, 2016) ............ 5

*Xue v. Jensen*,
　　No. 19-CV-1761, 2020 U.S. Dist. LEXIS 217878 (S.D.N.Y. Nov. 19, 2020) ........ 16

**State Cases**

*Alexander & Alexander of N.Y., Inc. v. Fritzen*,
　　68 N.Y.2d 968 (1986) ........................................................................................... 16

*Harpaz v. Dunn*,
    No. 152313/2020, 2021 NYLJ LEXIS 502 (Sup. Ct. N.Y. Cnty.
    May 18, 2021) .......................................................................................................17

*Metro. Transp. Auth. v. Triumph Advert. Prods., Inc.*,
    497 N.Y.S.2d 673 (1st Dep't 1986) ...................................................................14

**Federal Statutes**

18 U.S.C. § 1341 .......................................................................................................8

18 U.S.C. § 1343 .......................................................................................................9

18 U.S.C. § 1956 .......................................................................................................9

18 U.S.C. § 1957 .....................................................................................................10

18 U.S.C. § 1961(5) ..................................................................................................8

28 U.S.C. § 1367 .....................................................................................................18

11298054.9

For the reasons set forth below, the Complaint (ECF No. 1) should be dismissed as to Xueyuan Han ("Mr. Han"), QYNM Family Holding LLC ("QYNM"), HS-QYNM Family, Inc. ("HS-QYNM"), and HFRE LLC ("HFRE" and, together with QYNM and HS-QYNM, the "Han Company Defendants").

## PRELIMINARY STATEMENT

The instant action seeks to hold more than 50 defendants liable for the conduct of a single person (and the only judgment-debtor in this case): Hui Qin ("Mr. Qin"). The Complaint alleges that Plaintiffs seek to collect on an award rendered by the China International Economic and Trade Arbitration Commission ("CIETAC") on April 22, 2021 against only Mr. Qin (the "CIETAC Award"). On October 11, 2022, this Court entered a judgment against Mr. Qin in *Huzhou Chuangtai Rongyuan Investment Management Partnership et al. v. Qin.*, No. 21 CIV. 9221 (KPF) (S.D.N.Y. Oct. 11, 2022) (the "Confirmation Action"), confirming the CIETAC Award and awarding Plaintiffs over $500 million (the "Judgment"). Mr. Han and the Han Company Defendants were not parties to the CIETAC arbitration or the Confirmation Action.

Plaintiffs allege Mr. Qin orchestrated a series of "sham" transactions transferring his assets to various individuals and shell companies to avoid the Judgment and hide his assets. The allegations outlined in the Complaint center almost exclusively on Mr. Qin's alleged conduct and wrongful acts. The vast majority of allegations involve claims that Mr. Qin sought to evade the Judgment by transferring assets to his ex-wife, defendant Duo "Emma" Liu, her parents, defendants Xuemin Liu and Ruolei Liu, and certain alleged shell companies through a series of "sham" transactions.

1

In contrast, there are few allegations that even mention Mr. Han[1] or the Han Company Defendants, let alone plausibly allege viable claims against them. There are *no* factual allegations that Mr. Han or the Han Company Defendants currently possess, or even received, any of Mr. Qin's assets as a result of the "sham" transfers allegedly orchestrated by Mr. Qin to hide assets and evade enforcement of the Judgment. Similarly, there are no allegations that Mr. Han or the Han Company Defendants acted in concert with the other defendants, as is necessary to support a civil RICO claim. Thus, for the reasons set forth below, the Complaint must be dismissed as against Mr. Han and the Han Company Defendants.

## STATEMENT OF FACTS

Neither Mr. Han nor the Han Company Defendants were parties to the underlying CIETAC Arbitration or the Confirmation Action. The Judgment in this case was entered against Mr. Qin and only Mr. Qin—Plaintiffs do not have any judgment against Mr. Han or any of the Han Company Defendants. *See* Compl. ¶¶ 14-17.

Mr. Han directly or indirectly owns and controls a number of businesses in the United States and abroad, including the Han Company Defendants. The Complaint acknowledges that Mr. Han is the owner of the Han Company Defendants, but includes conclusory allegations that Mr. Qin is somehow the true owner of these entities. *See* Compl. ¶ 290 (QYNM); ¶ 294 (HS-QYNM); and ¶ 339 (HFRE). However, the only support that Plaintiffs provide is that QYNM contains two of the same letters as Mr. Qin's last name and therefore, according to Plaintiffs, is a "likely" misspelling of "Qin." Compl. ¶ 291. As for HFRE, Plaintiffs contend that Mr. Qin has at times represented that he lived at the apartment owned by HFRE. *See* Compl. ¶¶ 340-41.

---

[1] As explained below, *see infra* at 3, many of the references to an individual named "Han" in the Complaint are to a *different* individual with the same last name.

Specifically, Plaintiffs make various unsupported allegations that Mr. Qin owns or resides at 377 Rector Place, Unit PH-B, New York, New York 10280 ("377 Rector Place"). Compl. ¶¶ 239, 339-40. However, public records show that 377 Rector Place is wholly owned by HFRE, which purchased the property on or about September 26, 2019 from individuals named Robert Chavez and Vincent Sabio. *See* Boxer Decl. ¶ 7, Ex. F.

Plaintiffs allege, without support, that Mr. Han owns and operates a Singaporean company called New Lido Theatre Restaurant ("Lido"). *See* Compl. ¶¶ 3 n.3, 142. However, Mr. Han does not work for, own, or have any control over Lido. According to business records from the Accounting and Corporate Regulatory Authority of the Government of Singapore ("ACRA"), Han Ngi Kwang, a citizen of Singapore, is a director and/or shareholder of Lido and related companies. *See* Boxer Decl. ¶¶ 2 - 6, Exs. A - E.

Plaintiffs also allege that QYNM had a mortgage on Mr. Qin's property at 39 Applegreen Drive, Old Westbury, NY 11568 ("39 Applegreen Drive"). *See* Compl. ¶ 292. However, on or about June 10, 2022, QYNM assigned the Mortgage to Applegreen Trust.[2] Boxer Decl. ¶ 9, Ex. H. Both the mortgage and the assignment are public records. *See* Boxer Decl. ¶¶ 8 - 9, Exs. G & H.

Ultimately, Plaintiffs do not allege that Mr. Qin transferred assets to Mr. Han or his companies, rather they allege that Mr. Han transferred money *to* Mr. Qin and entities affiliated with Mr. Qin. *See* Compl. ¶¶ 295, 391.

---

[2] Plaintiffs also try to connect Mr. Han to a mortgage Mr. Qin allegedly obtained on Suites 2003 and 2009 in the Plaza Hotel, located at 1 Central Park South, New York, NY 10019 (the "Plaza Suites"), however there is no allegation that Mr. Han has any interest in those properties as a result of any such mortgage. *See* Compl. ¶ 331.

3

## ARGUMENT

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Plaintiffs must plead enough facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). This requires more than a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, or the restating of legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. Instead, to survive a motion to dismiss, the Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

Moreover, to the extent Plaintiffs' claims sound in fraud—including the alleged fraud and related activity in connection with identification documents and mail and wire fraud predicate acts, *see* Compl. ¶¶ 417(a)-(b), 472-475, 487-499—such claims must be pleaded with particularity as required by Fed. R. Civ. P. 9(b). *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004). Pursuant to Rule 9(b), a plaintiff must "specify the statements [that it claims] were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Swiskey v. Palumbo*, No. 07-cv-6624, 2009 U.S. Dist. LEXIS 24832, at *22 (S.D.N.Y. Mar. 9, 2009), *aff'd*, 377 F. App'x 39 (2d Cir. 2010) (citation omitted). "Rule 9(b) concerns are even more immediate in civil RICO actions, because such suits implicate the reputation interests of defendants accused of committing racketeering offenses." *Atl. Gypsum Co., Inc. v. Lloyds Int'l Corp.*, 753 F. Supp. 505, 512 (S.D.N.Y. 1990).

## POINT I
## PLAINTIFFS FAIL TO STATE A PLAUSIBLE RICO CLAIM AGAINST MR. HAN OR THE HAN COMPANY DEFENDANTS

Count 3 of the Complaint alleges substantive RICO violations as well as a RICO conspiracy against more than 50 defendants, including Mr. Han and the Han Company Defendants. Plaintiffs allege, without factual support, that Mr. Han and the Han Company Defendants were members and associates of what Plaintiffs label the Hui Qin Enterprise, "whose members and associates engaged in, among other things, mail and wire fraud; interstate and foreign travel in aid of racketeering; money laundering; production of a false identification document; and obstruction of justice." Compl. ¶ 414. The Complaint lumps Mr. Han and the Han Company Defendants together with the other alleged Hui Qin Enterprise Defendants and fails to identify any specific RICO violations allegedly committed by Mr. Han or the Han Company Defendants. This is patently improper.

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013). And, specifically, to allege a claim pursuant to Section 1962(c) (*i.e.*, a substantive RICO claim), a plaintiff "must [also] allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *FindTheBest.com v. Lumen View Tech. LLC*, 20 F. Supp. 3d 451, 456 (S.D.N.Y. 2014). Each element must be plausibly alleged as to each individual defendant. *Boneta v. Rolex Watch USA, Inc.*, 232 F. Supp. 3d 354, 358 (S.D.N.Y. 2017); *Worldwide Directories, S.A. v. Yahoo! Inc.*, No. 14-cv-7349, 2016 U.S. Dist. LEXIS 44265, at *12 (S.D.N.Y. Mar. 31, 2016) ("Each element of a RICO violation…must be plausibly alleged as to each defendant rather than simply to the enterprise as a whole."). In addition, when alleging

5

fraudulent activities as predicate acts for substantive RICO claims, a plaintiff must satisfy Fed. R. Civ. P. 9(b)'s particularity requirements. Thus, "a RICO plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 420 (S.D.N.Y. 2017) (internal quotation marks and citation omitted). Moreover, where, as here, there are multiple defendants involved, "the plaintiff must connect the allegations of fraud to each individual defendant." *Id.*

To state a RICO conspiracy pursuant to Section 1962(d), "a plaintiff must demonstrate that each defendant knew about and agreed to facilitate a pattern of racketeering activity." *Id.* at 425 (internal quotation marks omitted). "Accordingly…a plaintiff must prove that (i) the defendants agreed to form and associate themselves with a RICO enterprise; (ii) the defendants agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise; and (iii) if the agreed-upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* And "[b]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint…must allege specifically such an agreement," including an agreement involving *each* of the Defendants. *Id.*; *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990). Although a plaintiff is not subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements in pleading a RICO conspiracy, "a RICO conspiracy claim should be more than a conclusory add-on at the end of a complaint." *Flexborrow LLC*, 255 F. Supp. 3d at 425 (internal quotation marks and citation omitted).

6

**A.      Plaintiffs Fail to Allege Causation and Thus Lack Standing to Assert RICO Claims**

The Supreme Court has interpreted the injury clause of the RICO statute as limiting standing to plaintiffs whose injuries were caused proximately by the RICO predicate acts. *Holmes v. SEC Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992). To adequately plead proximate cause in the RICO context, the Plaintiffs must allege that their injuries flowed directly from the Defendants' commission of the identified predicate acts. *Picard v. Kohn*, 907 F. Supp. 2d 392, 396-97 (S.D.N.Y. 2012). "Acts that merely, furthered, facilitated, permitted, or concealed an injury which happened or could have happened independently of the act do not directly cause that [RICO] injury, and thus do not proximately cause it." *Id.* at 397 (internal quotation marks and citation omitted); *see also Red Ball Interior Demolition Corp. v. Palmadessa*, 874 F. Supp. 576, 586 (S.D.N.Y. 1995) ("RICO standing may only be founded upon injury from § 1961 predicate acts, and not upon any and all overt acts furthering a RICO conspiracy.").

The Complaint fails to allege *any* predicate act committed by Mr. Han or the Han Company Defendants that directly caused Plaintiffs' alleged injuries. Instead, Plaintiffs only claim the Hui Qin Enterprise Defendants committed various overt acts "in furtherance" of the alleged scheme. Compl. ¶ 425; *see also id.* ¶ 419(a) (broadly alleging the "Hui Qin Enterprise" engaged in fraudulent transfers through "mail and wire fraud"). Such broad and conclusory claims are insufficient to establish standing.

**B.      Plaintiffs' Predicate Act Allegations Are Plainly Deficient and Lack Specificity**

To state a claim pursuant to 18 U.S.C. § 1962(c), Plaintiffs must allege, among other things, a pattern of racketeering activity. *Makowski v. United Bhd. of Carpenters & Joiners of Am.*, No. 08 Civ. 6150, 2010 U.S. Dist. LEXIS 77775, at *17 (S.D.N.Y. Aug. 2, 2010). To establish a pattern of racketeering activity, a plaintiff must plead at least two predicate acts of

racketeering activity, defined as certain criminal acts under state and federal law, within 10 years of one another. 18 U.S.C. § 1961(5); *see First Capital Asset Mgmt., Inc.*, 385 F.3d at 178. The Complaint fails to satisfy this requirement as it, once again, does not allege *any* predicate acts committed by Mr. Han or the Han Company Defendants.

Plaintiffs merely assert that the Hui Qin Enterprise Defendants engaged in mail and wire fraud, interstate and foreign travel in aid of racketeering, money laundering, production of a false identification document, and obstruction of justice without providing any specific details of the alleged predicate acts, including any specific details regarding how or to what extent Mr. Han or the Han Company Defendants committed any of the alleged predicate acts. *See* Compl. ¶¶ 414, 425-499. This sort of blunderbuss and conclusory pleading style is insufficient to state a RICO claim. *See DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 326 (E.D.N.Y. 2009) (plaintiff failed to state a claim where it "clump[ed] together the more than 20 RICO defendants" and alleged, "without any distinction among them," defendants committed all of the enumerated acts). Plaintiffs offer no basis to substantiate any claim that Mr. Han or the Han Company Defendants had any connection to or involvement with the predicate acts alleged in the Complaint. Such conclusory assertions are insufficient to establish a RICO claim against Mr. Han or the Han Company Defendants. *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996).

For example, the Complaint fails to identify a single communication or document transmitted by Mr. Han or the Han Company Defendants (or any of the Defendants, for that matter) through the use of the U.S. mail system. This, in and of itself, dooms any claim for mail fraud. 18 U.S.C. § 1341; *McCoy v. Goldberg*, 748 F. Supp. 146, 154 (S.D.N.Y. 1990) ("Because the complaint nowhere states that defendants used the mails, there is no predicate act of mail

8

fraud."). Nor does the Complaint sufficiently plead facts to support a wire fraud claim against Mr. Han or the Han Company Defendants pursuant to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) ("[T]he heightened pleading standards of Fed. R. Civ. P. 9(b)…also appl[y] to allegations of fraudulent predicate acts supporting a RICO claim."). Indeed, the Complaint does not identify a single statement, communication, or transfer attributable to Mr. Han or the Han Company Defendants.[3] *See* 18 U.S.C. § 1343.

Plaintiffs' claims concerning the other alleged predicate acts are similarly deficient. With respect to the conclusory allegation that members and associates of the Hui Qin Enterprise engaged in money laundering, Plaintiffs must plead that "a defendant knowingly utilized the proceeds of unlawful activity while conducting a transaction." *Casio Comput. Co. v. Sayo*, No. 98 Civ. 3772, 2000 WL 1877516, at *17 (S.D.N.Y. Oct. 13, 2000); *see also* 18 U.S.C. §§ 1956,

---

[3] The law is clear that a plaintiff alleging fraud must plead facts giving rise "to a strong inference of fraudulent intent." *First Capital Asset Mgmt., Inc.*, 385 F.3d at 179. To survive a motion to dismiss, Plaintiffs' allegations must either "allege a motive for committing fraud and a clear opportunity for doing so" or "identify[] circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 377 F. App'x 88, 90-91 (2d Cir. 2010); *see also Shields v. Citytrust Bancorp. Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994); *Brigsby v. Barclays Capital Real Estate, Inc.*, 170 F. Supp. 3d 568, 578 (S.D.N.Y. 2016). Plaintiffs do neither. The Complaint does not contain any allegations explaining how Mr. Han or the Han Company Defendants acted with fraudulent intent. While the Complaint broadly alleges that one of the objectives of the Hui Qin Enterprise was to enrich the alleged members and associates of the enterprise, Compl. ¶ 416(b), such allegations do not satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirements. *Flexborrow LLC*, 255 F. Supp. 3d at 423. Furthermore, the Complaint lacks specificity in alleging evidence of fraudulent intent on the part of Mr. Han or the Han Company Defendants. The Complaint conclusorily alleges that certain conduct was undertaken in furtherance of the alleged scheme but offers no support for these claims. These types of allegations—which amount to a statement coupled "with a conclusory allegation of fraudulent intent"—are insufficient to satisfy the heightened requirements of Rule 9(b). *Shields*, 25 F.3d at 1129.

9

1957. The Complaint is wholly devoid of any such allegations as it, once again, does not allege any facts indicating that Mr. Han or the Han Company Defendants "knowingly utilized the proceeds of unlawful activity while conducting a transaction." *Casio Comp. Co.*, 2000 WL 1877516, at *17. With respect to the predicate acts alleging interstate and foreign travel in aid of racketeering (18 U.S.C. § 1952), production of a false identification document (18 U.S.C. § 1028), and obstruction of justice and witness tampering (18 U.S.C. §§ 1503, 1512), the Complaint also fails to plead any facts suggesting that Mr. Han or the Han Company Defendants committed, or had any involvement with, the alleged predicate acts. Indeed, the allegations relating to these predicate acts center on Mr. Qin's alleged conduct, not Mr. Han's or the Han Company Defendants' conduct. *See* Compl. ¶¶ 472-486.

## C.    Plaintiffs Fail to Plead an "Association in Fact" Enterprise

In addition to the elements discussed above, Plaintiffs must allege the existence of an "enterprise" to state a claim under Section 1962(c). Here, the Complaint alleges an "association in fact" enterprise consisting of all Defendants, including Mr. Han and the Han Company Defendants, and others known and unknown. Compl. ¶¶ 414-415. Plaintiffs' enterprise allegations are inadequate.

As an initial matter, the Complaint fails to allege, beyond conclusory allegations, "factual assertions as to the mechanics of the interactions among [the enterprise's purported members], including facts indicating that the disparate defendants functioned as a unit" or that they "had a common interest in the success of the so-called enterprise." *Cont'l Petroleum Corp., Inc. v. Corp. Funding Partners LLC*, No. 11-civ-7801, 2012 U.S. Dist. LEXIS 51841, at *16 (S.D.N.Y. Apr. 12, 2012). The allegations that certain actions were taken at the direction of Mr. Qin, who devised the alleged scheme, are conclusory and do not satisfy Plaintiffs' pleading burden.

10

The Complaint is devoid of any factual allegations indicating that the members of the purported Hui Qin Enterprise, other than Mr. Qin, were aware of one another or the enterprise itself, let alone that they worked together as a functional unit in pursuit of a common purpose or interest. These allegations are insufficient to plead an "association-in-fact" enterprise. *See Cont'l Petroleum Corp.*, 2012 U.S. Dist. LEXIS 51841, at \*16 (dismissing RICO claim where complaint failed to "make any concrete factual assertions as to the mechanics of the interactions among defendants, including facts indicating that disparate defendants functioned as a unit"); *Abbott Labs. v. Adelphia Supply USA*, No. 15CV5826, 2017 U.S. Dist. LEXIS 1007, at \*17 (E.D.N.Y. Jan. 4, 2017) ("[W]ithout factual allegations that the defendants cooperated to form a continuing unit working toward a common purpose, their mere independent, uncoordinated participation in this market does not create a RICO enterprise.").

At best, the Complaint alleges a "rimless hub-and-spoke" configuration, where one central figure of the enterprise (here, allegedly Mr. Qin) is connected to each of the alleged other members through spokes. Such a configuration, however—without any supporting facts indicating that the other alleged members of the enterprise were: (a) aware of each other, the conspiracy, or the enterprise; or (b) acted in concert—is insufficient to support a valid RICO enterprise. *See Dynarex Corp. v. Farrah*, No. 18 CV 7072, 2019 U.S. Dist. LEXIS 89048, at \*6-7 (S.D.N.Y. May 28, 2019) (there is no RICO association-in-fact "when each defendant is alleged to have a relationship with a central figure, but the defendants are not *all* alleged to be connected in some overarching way" (emphasis added)); *Moss v. BMO Harris Bank, N.A.*, 258 F. Supp. 3d 289, 302-03 (E.D.N.Y. 2017); *Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 449-50 (S.D.N.Y. 2007) ("'[H]ub-and-spokes' structure—that is, allegations that a common defendant perpetrated various independent frauds, each with the aid of a different co-

11

defendant—do[es] not satisfy the enterprise element of a RICO claim."). Indeed, there are no factual allegations suggesting Mr. Han and the Han Company Defendants have any relationship with, or are even aware of, the vast majority of participants in the alleged RICO enterprise. *Dynarex*, 2019 U.S. Dist. LEXIS 89048, at *8.

### D.     Plaintiffs Fail to Allege a RICO Conspiracy Under 18 U.S.C. § 1962(d)

Because Plaintiffs fail to state any substantive RICO claim pursuant to § 1962(c), their conspiracy claim under § 1962(d) necessarily fails as well. *See, e.g.*, *Sanchez v. ASA Coll., Inc.*, No. 14-CV-5006, 2015 U.S. Dist. LEXIS 73222, at *34 (S.D.N.Y. June 5, 2015); *Black v. Ganieva*, 619 F. Supp. 3d 309, 348-49 (S.D.N.Y. 2022).

But even if Plaintiffs had adequately pled a substantive RICO claim—which they have not—the conspiracy claim must fail for an additional reason: the Complaint does not allege that either Mr. Han or the Han Company Defendants "agreed with at least one other entity to commit a substantive RICO offense." *Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 487 (2d Cir. 2014). Rather, the Complaint broadly alleges, without factual support, that "[i]t was a further part of the conspiracy that Defendants each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise." Compl. ¶ 418. Such sweeping and unsupported allegations are insufficient to support a Section 1962(d) claim. *Boneta*, 232 F. Supp. 3d at 359-60 (dismissing Section 1962(d) claim where complaint "makes no plausible allegation of any agreement among Defendants or with anyone else"); *Flexborrow LLC*, 255 F. Supp. 3d at 415 (RICO conspiracy claim was deficient for failing to allege the existence of any agreement between defendant and the foreign dealer, or that defendant knew of or intended to further a fraudulent scheme).

12

## POINT II
## PLAINTIFFS FAIL TO STATE PLAUSIBLE STATE LAW CLAIMS AGAINST MR. HAN OR THE HAN COMPANY DEFENDANTS

**A.    Plaintiffs Fail to Plausibly Allege a Claim for Disregard of Sham Transactions Against Mr. Han or the Han Company Defendants**

Count 1 of the Complaint (Disregard for Sham Transactions) vaguely alleges that Mr. Qin transferred assets to various entities and individuals without any real purpose or consideration, and that these transfers should be disregarded as shams. *See* Compl. ¶¶ 403-406. "Where sham transactions are alleged, specific facts about each one of these transactions are required." *Labib Janbay v. Canadian Solar, Inc.*, No. 10 Civ. 4430, 2012 U.S. Dist. LEXIS 47125, at *10-11 (S.D.N.Y. Mar. 30, 2012). Here, the Complaint fails to offer any specific facts about the alleged sham transactions.

For example, Plaintiffs broadly assert that "the supposed transfers of Applegreen and purchase of the Penthouses are shams." Compl. ¶ 403. Plaintiffs offer no facts showing those transactions were shams or that Mr. Han or the Han Company Defendants had any involvement in those transactions (or any of the other transactions alleged in the Complaint). Rather, Plaintiffs rely on speculation, conjecture, and innuendo to try to impute liability onto Mr. Han and the Han Company Defendants. Such conclusory and factually unsupported allegations are insufficient to plausibly allege a claim for disregard of sham transactions against Mr. Han or the Han Company Defendants.

**B.    Plaintiffs Fail to Plausibly Allege Alter Ego Claims Against Mr. Han or the Han Company Defendants**

Count 2 (Declaration of Alter Ego) seeks a declaration that "Emma Liu, Qin, Xuemin Liu, and the various entities they control are liable for Qin's debts to Plaintiffs." Compl. ¶ 408. This claim is not alleged against Mr. Han or the Han Company Defendants and has nothing to do

13

with them. Count 2 must be dismissed as against Mr. Han and the Han Company Defendants on this basis alone.

To the extent Plaintiffs assert Count 2 against Mr. Han or the Han Company Defendants, they offer no support for their generic allegations. The Complaint merely alleges a vague, unspecified belief that Mr. Qin used some of the Defendants to hide his assets from Plaintiffs. *See, e.g.*, Compl. ¶¶ 408-411. It is well settled that such conclusory allegations, without any factual support, are insufficient to support an alter ego claim. *See Metro. Transp. Auth. v. Triumph Advert. Prods., Inc.*, 497 N.Y.S.2d 673, 675 (1st Dep't 1986); *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996); *Key Items, Inc. v. Ultima Diamonds, Inc.*, No. 09-CIV-3729, 2010 U.S. Dist. LEXIS 84830, at *29 (S.D.N.Y. Aug. 17, 2010) ("courts routinely dismiss alter ego claims pursuant to Fed. R. Civ. P. 12(b)(6)" when unsupported by factual allegations).  Rather, Plaintiffs must establish, *inter alia*, that Mr. Qin exercised complete dominion over the corporate Defendants. *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004). Plaintiffs have utterly failed to meet that burden. Accordingly, Count 2 must be dismissed. *Key Items, Inc*, 2010 U.S. Dist. LEXIS 84830, at *21-25 (no allegations as to domination and control of the alleged alter ego); *Two Kids From Queens, Inc. v. J&S Kidswear, Inc.*, 09-CIV-3690, 2010 U.S. Dist. LEXIS 10620, at *10 (E.D.N.Y. Feb. 8, 2010) (unsupported conclusory allegations warranted dismissal of alter ego claim); *White v. Nat'l Home Prot., Inc.*, 09-CIV-4070, 2010 WL 1706195, at *12-13 (S.D.N.Y. Apr. 21, 2010) (minimal factual allegations insufficient to state claim for relief against alleged alter ego).

**C.    Plaintiffs Fail to Plausibly Allege a Claim Against Mr. Han or the Han Company Defendants for Violation of GBL § 133**

Count 4 broadly alleges that "Defendants have violated General Business Law § 133 by misusing various corporate names." Compl. ¶ 501. However, this claim is not actually alleged against Mr. Han or the Han Company Defendants. Rather, Plaintiffs allege *Mr. Qin's and Ms. Liu's* "misuse of 'QYNM' Family Holding LLC as a deliberate misspelling of another entity to conceal the true ownership of Rector Place, or a deceptive name, to hide the asset from creditors and law enforcement." Compl. ¶ 501(c). The Complaint alleges no facts to support a claim against Mr. Han or the Han Company Defendants for violation of GBL § 133. Rather, it seems to be based entirely on: 1) the incorrect assumption that "QYNM" is a deliberate misspelling because it has two letters in common with Mr. Qin's name; and 2) incorrect assumptions about the ownership of Rector Place, which is 100% owned by HFRE, not QYNM Family Holding LLC. Boxer Decl. ¶ 7, Ex. F.

Accordingly, Count 4 must be dismissed as against Mr. Han and the Han Company Defendants.

**D.    Plaintiffs' Claim that CivilizAsian Foundation Is a Sham Charity Is Not Alleged Against Mr. Han or the Han Company Defendants**

Count 5 alleges that "Liu and Qin use" the CivilizAsian Foundation as a "sham charity." Compl. ¶ 506. This claim has nothing to do with Mr. Han or the Han Company Defendants and, therefore, cannot be maintained against them.

**E.    Plaintiffs Fail to Plausibly Allege a Claim for Conspiracy Against Mr. Han or the Han Company Defendants**

Count 6 broadly alleges that "all defendants conspired with one another to a) commit and conduct voidable transfers… b) to commit fraud against Plaintiffs by…concealing and misrepresenting Defendant Qin's funds and assets, c) misusing business names in violation of

15

GBL § 133, and d) working together to launder money using the sham charity, CivilizAsian." Compl. ¶ 514.

New York does not recognize a separate claim for civil conspiracy absent an underlying tort. *Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). Even if Plaintiffs could maintain it as a separate tort, the conspiracy claim fails because the acts underlying this claim are the same as those underlying the other claims alleged in the Complaint, including the RICO conspiracy claim, and thus this claim must fail for the same reasons. *Xue v. Jensen*, No. 19-CV-1761, 2020 U.S. Dist. LEXIS 217878, at *34 (S.D.N.Y. Nov. 19, 2020) ("[A] civil conspiracy claim 'should be dismissed if the underlying tort claim either is not adequately pleaded or has been dismissed.'" (quoting *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, No. 99 CIV. 9623, 2007 U.S. Dist. LEXIS 27001, at *25 (S.D.N.Y. Apr. 4, 2007)).

**F.    Plaintiffs Fail to Plausibly Allege a Claim for Preliminary and Permanent Injunction Against Mr. Han and the Han Company Defendants**

Count 7 seeks a preliminary and permanent injunction ordering Defendants "and those in active concert with them" to: 1) "[t]ake all steps reasonably necessary to avoid any loss, destruction, alteration, deletion or other failure to preserve ESI, records, and the like"; and 2) "[n]ot transfer any assets with a value (book or market) over $5,000 (not including any liens) unless authorized by Plaintiffs in writing or authorized by the Court." Compl. ¶ 522(a)-(b).

Count 7 must be dismissed as against Mr. Han and the Han Company Defendants for several reasons. First and foremost (and as detailed herein), as the Complaint fails to establish any cause of action against Mr. Han or the Han Company Defendants, Plaintiffs' cause of action for a preliminary and permanent injunction similarly fails. *Harpaz v. Dunn*, No. 152313/2020,

16

2021 NYLJ LEXIS 502, at *6-7 (Sup. Ct. N.Y. Cnty. May 18, 2021). Second, Plaintiffs' request

for a preliminary injunction against Mr. Han and the Han Company Defendants has been mooted

by the stipulation between Plaintiffs, Mr. Han, and the Han Company Defendants. *See* ECF No.

86. Finally, Count 7 is not a valid cause of action—it is a request for relief. For these reasons,

Count 7 must be dismissed as against Mr. Han and the Han Company Defendants.

**G.     Plaintiffs Fail to Plausibly Allege Alternative Claims for Fraudulent Transfer (Count 8) or for Constructive Fraudulent Transfer (Count 9) Against Mr. Han or the Han Company Defendants.**

Count 8 (Alternative Claim for Fraudulent Transfer) and Count 9 (Alternative Claim for

Constructive Fraudulent Transfer) also fail. The Complaint does not allege that either Mr. Han or

the Han Company Defendant are in possession of, or ever received, property or assets belonging

to Mr. Qin as a result of the "sham" transfers alleged in the Complaint. Instead, the Complaint

alleges that Mr. Han transferred assets to Mr. Qin.  *See* Compl. ¶¶ 295, 391. Nor does the

Complaint set forth facts showing that Mr. Han or the Han Company Defendants had any

involvement with any of the sham transactions. Accordingly, Counts 8 and 9 must be dismissed

against Mr. Han and the Han Company Defendants.

**H.     With the RICO Claims Dismissed, the Court Lacks Subject-Matter Jurisdiction Over the State Law Claims**

For the reasons discussed above, Plaintiffs' RICO cause of action must be dismissed. The

remaining causes of action arise solely under state law. And the Plaintiffs have not alleged that

this Court has original jurisdiction over these pendant claims pursuant to 28 U.S.C. § 1332. Nor

could they as diversity jurisdiction is lacking here.[4]

---

[4] Each of the Plaintiffs is a foreign company. *See* Complaint ¶¶ 2-4, *Huzhou Chuangtai Rongyuan Investment Management Partnership et al. v. Qin.*, No. 12 CIV. 9221 (KPF) (S.D.N.Y. Nov. 8, 2021), ECF No. 1.  The Complaint alleges that Xuemin Liu and Ruolei Liu are foreign citizens. *See* Compl. ¶¶ 218, 222. Thus, there can be no diversity jurisdiction. *See F5*

The only basis for subject matter jurisdiction of the remaining state-law claims alleged in the Complaint is 28 U.S.C. § 1367. But this statutory provision provides the Court with the discretion to dismiss any pendant state-law claims, where, as here, Plaintiffs' federal claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3). Generally, courts have dismissed pendant state-law claims where all federal claims have been dismissed. *See, e.g.*, *Rosenshein v. Kushner*, No. 15cv7397, 2016 U.S. Dist. LEXIS 114909, at *20-21 (S.D.N.Y. Aug. 26, 2016). This is especially true where the dismissed federal causes of action are civil RICO claims. *See, e.g.*, *Watkins v. Smith*, No. 12 Civ. 4635, 2012 U.S. Dist. LEXIS 165762, at *19-21 (S.D.N.Y. Nov. 19, 2012). The Court should do the same here.

## CONCLUSION

For the reasons set forth above, the Court should grant the Motion to Dismiss as to Mr. Han and the Han Company Defendants and grant such other and further relief as is just and equitable.

---

*Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017) ("Diversity is lacking within the meaning of § 1332(a)(2)…where on one side there are citizens and aliens and on the opposite side there are only aliens.").

18

Dated: New York, New York
        May 31, 2024

Respectfully submitted by,

CARTER LEDYARD & MILBURN LLP

By:  _/s/ Jeffrey S. Boxer_____
        Jeffrey S. Boxer
        Madelyn K. White
        Sarah H. Ganley
28 Liberty Street, 41st Floor
New York, NY 10005
Tel.:   (212) 732-3200
Fax:    (212) 732-3232
Email: boxer@clm.com / white@clm.com /
        ganley@clm.com

*Attorneys for Defendants Xueyuan Han, QYNM
Family Holding LLC, HS-QYNM Family, Inc., and
HFRE LLC*

19