



**iLead Law Group, P.C.**
Headquarters: 99 Park Ave, Ste 830, New York, NY 10016
Queens Office: 136-20 38th Ave, Ste 9J, Flushing, NY 11354
Tel: +1 (212) 836-6060
Email: info@iLeadLaw.com
Website: www.iLeadLaw.com

via ECF
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

May 23, 2024

Dear Judge Failla,

  Undersigned writes on behalf of Defendants YOUYORK MANAGEMENT LLC, NEW LAND CAPITAL LLC, GOLDEN LAND FUNDS, INC. (improperly pled as GOLDEN LAND FUNDS LLC), and HANGYUAN ZHANG (collectively "YouYork Defendants") to request for leave to file documents with redactions, pursuant to Rule 9(B) of Your Honor's Individual Rules of Practice in Civil Cases and a Stipulated Protective Order dated January 3, 2023, Dkt. 92 ("Protective Order") in Huzhou Chuangtai Rongyuan Investment Management Partnership, et al. v. Hui Qin, 1:21:cv-09221-KPF (S.D.N.Y. Nov. 8, 2021) that was effectively adopted between the YouYork Defendants and Plaintiffs in this instant matter.

  Specifically, the YouYork Defendants request leave to file their Memorandum of Law in Support of their Motion to Dismiss with redactions.

  This letter and the YouYork Defendants' Memorandum of Law in Support of their Motion to Dismiss are being filed in accordance with Rule 9 of Your Honor's Individual Rules.

  To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. See, e.g., *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 U.S. Dist. LEXIS 53529, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Graczyk v. Verizon Communs., Inc.*, No. 18-CV-6465 (PGG), 2020 U.S. Dist. LEXIS 50812, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020).

      The Memorandum of Law in Support of the YouYork Defendants' Motion to Dismiss contains references to information contained in the Plaintiffs' Complaint which refers to documents from discovery which were explicitly marked as "confidential" and contain sensitive financial as well as personal information of several parties. Thus, the contents fall within in the scope of the Protective Order. Here, the interest in redacting and keeping confidential commercially sensitive information to protect confidential business interests and financial information overcomes the presumption of public access.

      As such, we respectfully request this Court grant the YouYork Defendants' request to redact their Memorandum of Law in Support of their Motion to Dismiss.

Respectfully submitted,


/s/ William Lou
William Lou, Esq.



```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entries 142 and 144 under seal, viewable to the Court and
the parties only.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 140.

Dated:     June 3, 2024                 SO ORDERED.
           New York, New York
```




HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE