

Nixon Peabody LLP
55 West 46th Street
New York, NY 10036-4120

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Paul F. Downs**
Counsel

T / 212.940.3029
C / 646.603.3480
pdowns@nixonpeabody.com

June 7, 2024

*VIA ECF AND E-MAIL*

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



**RE: Huzhou Chuangtai Rongyuan Investment Management Partnership et al v. Qin et al.
(Case No. 1:24-cv-02219-KPF)
The Liu Defendants' Request to Transcript of May 8, 2024 Proceedings**

Dear Judge Failla:

We represent Defendant Emma "Duo" Liu ("Ms. Liu") and the Company Defendants[1] (collectively, the "Liu Defendants") in the above-captioned matter. Pursuant to Section 9(c)(ii) of Your Honor's Individual Rules of Practice in Civil Cases), we write to respectfully request that the Court permit the sealing of the April 26, and May 8, 2024 oral argument transcripts (filed contemporaneously herewith). *See* ECF Nos. 122 and 131 (transcript of April 26 and May 8, 2024 oral argument). The Liu Defendants previously filed Notices of Intent to Request Redaction for the April 26 and May 8, 2024 oral argument transcripts. *See* ECF Nos. 130 and 133.

A party seeking to file a document under seal needs to address the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). And any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *Id.*

The Court must balance this common law presumption of access against competing interests, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests of the [moving party] outweigh the presumption of public access." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. Mar.

---

[1] The Company Defendants include: St. Tome LLC; St. Fortune Group LLC; St. Grand Ceremony LLC; PH2003 Unit LLC; Hudson Group LLC; Golden Pegasus LLC; Golden Kirin LLC; Harushio LLC; Golden Mermaid LLC; Hatakaze LLC; Bryn Mawr Trust Company of Delaware; I Love GLE Trust; and Applegreen Family Trust.

7, 2011).

      Given the nature of this matter (a private matter ultimately related to Plaintiffs' attempts to collect a judgment from Mr. Qin) and the fact that Ms. Liu is not the actual judgment-debtor, but merely a party whose private affairs are being dragged into this dispute, and given the ongoing criminal investigation about which the Court has been informed, we submit that there is a more than sufficient basis to seal the documents referenced herein. These documents contain confidential information of the kind that is deserving of protection and restricting public access, and therefore Ms. Liu respectfully requests that the Court grant this request.

Respectfully submitted,

Paul F. Downs
Counsel

cc:    All parties of record via ECF

```
This Court agrees with the redactions proposed by the Liu Defendants,
and also agrees that the versions of the transcripts that are currently
on the docket should be sealed.  The Clerk of Court is thus directed to
maintain docket entries 122, 131, and 152 under seal, viewable to the
Court and the parties only.

The Court Reporters are directed to prepare and docket versions of the
transcripts that have been redacted in accordance with the Liu
Defendants' suggestions, all of which have been adopted by the Court.

The Clerk of Court is further directed to terminate the pending motion
at docket entry 150.

Dated:    June 10, 2024                     SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

2