

90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

ROBERT D. NOSEK
Of Counsel
DIRECT DIAL 516.296.7171
rnosek@certilmanbalin.com

May 11, 2026

**VIA ELECTRONIC CASE FILING**



Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

> **Re:**   ***Huzhou Chuangtai Rongyuan Investment***
> ***Management Partnership, et al., v. Qin et al.***
> ***Case No. 24-cv-02219-KPF***

Dear Judge Failla:

On behalf of Richard J. McCord (the "Trustee"), the chapter 7 trustee of the estate (the "Estate") of Defendant Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin (the "Debtor"), we hereby present this letter-motion under E.D.N.Y. Local Rule 7.1(e) and Federal Rules of Civil Procedure 17(a) and 25(c) seeking an order substituting in place of, or joining with, the existing plaintiffs, Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership (collectively, the "Plaintiffs"), as a plaintiff in the referenced action in his capacity as the chapter 7 trustee of the Estate.

On May 8, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Bankruptcy Case") under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). As of the Petition Date, the Trustee was appointed as the interim chapter 7 trustee, duly qualified and is now the permanent chapter 7 trustee of the Debtor's Estate. The Trustee has the capacity to bring or prosecute claims. 11 U.S.C. § 323(b); FED. R. BANKR. P. 6009(a) ("With or without court approval, the trustee…may…prosecute-or appear in and defend-any pending action or proceeding by or against the debtor[.]").

By operation of law under Section 541(a) of the Bankruptcy Code, all general alter ego, fraudulent transfer, and RICO claims existing prior to the Petition Date became property of the Debtor's Estate as of the Petition Date. *See* 11 U.S.C. § 541(a)(1); *see also Stadtmauer v. Tulis (In re Nordlicht)*, 115 F.4th 90, 106-07) (2d Cir. 2024) (finding general alter ego and fraudulent transfer claims are bankruptcy estate property under Section 541); *In re Nicole Energy Services,*



*Inc.*, No. 03-67484, 2015 WL 1321567, at * (Bankr. S.D. Ohio Jan. 21, 2015) (finding RICO claims to be property of bankruptcy estate).

Substitution of another person as a plaintiff in a pending action "under Rule 25(c) is generally within the sound discretion of the trial court." *Doe v. Cahill*, 20 Civ. 3908, 2021 WL 3501196, at *3 (S.D.N.Y. Aug. 9, 2021). "Transfers of property to a Chapter 7 Trustee following the bankruptcy of a party are included among these transfers of interest that courts have found support substitution." *See Adels v. Bierbach ex rel. Elders*, No. 1:09-CV-2363, 2011 WL 1457132, at *4 (M.D. Pa. Apr. 15, 2011).

In this case, it would be appropriate to substitute the Trustee into this action as a plaintiff to prosecute those claims asserted herein which are property of the Debtor's Estate. *Cf. id. at *5* (permitting substitution of chapter 7 trustee as plaintiff in place of original pre-petition plaintiff chapter 7 debtor). Such substitution will permit the Trustee to administer property of the Debtor's Estate, i.e., the alter ego, RICO and fraudulent conveyance claims already asserted against the Defendants.

This action has been stayed for a considerable period of time because of the Debtor's bankruptcy case. Substituting the Trustee in as a plaintiff would be the first step in moving this action forward. *See, e.g.*, *Cody v. Charter Comm. LLC*, No. 17-CV-7118, 2020 WL 3639935, at *7 (S.D.N.Y. July 6, 2020) (recognizing substitution of bankruptcy trustee into action as plaintiff would expedite and simplify that action). A proposed order is annexed hereto.

The Trustee respectfully requests that he, in his capacity as chapter 7 trustee of the Debtor's Estate, be substituted into this action as plaintiff pursuant to Rule 25(c).

Respectfully submitted,

/s/Robert D. Nosek

Robert D. Nosek, Esq.
Certilman Balin Adler & Hyman, LLP
Counsel to Richard J. McCord, Esq, as
Chapter 7 Trustee of the Estate of
Hui Qin a/k/a Muk Lam Li a/k/a Karl Qin

RDN/ccf

cc:    Counsels of record (by ECF)

The Court has received the Trustee's above-request for an order substituting the Trustee as Plaintiff in this case (Dkt. #198), as well as Plaintiffs' opposition (Dkt. #199).

The Trustee's request is DENIED without prejudice to the Trustee's filing of a more complete motion for substitution addressing, at the very least, the six issues raised by Plaintiffs in their opposition.

The Clerk of Court is directed to terminate the pending motion at docket entry 198.

Dated:    May 27, 2026          SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE